Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone:   (619) 233-7770
Facsimile:    (619) 297-1022

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
**Kazerouni Law Group**
7545 Irvine Center Dr., Suite 200
Irvine, CA 92618
Telephone: (949) 623-8632
Facsimile: (949) 596-0472

Attorneys for the Defendant
Roman Hossain

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| craigslist, Inc., a Delaware corporation<br><br>                    Plaintiff,<br><br>v.<br><br>Autoposterpro, Inc., PostingExperts, Inc., Roman Hossain, John Doe d/b/a craigslistadsstore.com and craigslistpromoting.com, and Does 2 through 25, inclusive,<br><br>                    Defendants. | **Case Number: CV-08-5069 SBA**<br><br>**Defendant Roman Hossain's Notice of Motion to Dismiss Plaintiff's First Amended Complaint, Alternatively, Motion for a More Definite Statement and Motion to Dismiss Plaintiff's First Amended Complaint, Alternatively, Motion for a More Definite Statement.**<br><br>**Hearing Date:** March 31, 2009<br>**Hearing Time:** 1:00 p.m.<br>**Crtm:** Courtroom 3, 3rd Floor<br>**Hon.:** Saundra B. Armstrong |

HYDE & SWIGART
San Diego, California

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that on March 21, 2009 at 1:00 p.m. or as soon thereafter as counsel may be heard in the above-entitled court Defendant ROMAN HOSSAIN ("Defendant") will move this Honorable Court, located in Courtroom 3, of the United States District Court, Northern District of California, for an order dismissing Plaintiff craigslist, Inc., a Delaware corporation ("Plaintiff") First Amended Complaint ("Complaint") pursuant to Fed. R. Civ. P. 12(b)(6), or alternatively, moves this court for a more definite statement pursuant to Fed. R. Civ. P. 12(e).    Defendant's Motion will be based on this Notice, the accompanying Memorandum of Points and Authorities, all pleadings and records on file herein, and upon such argument as may be presented to the Court at the time of the hearing on Defendant's Motion.

Date: February  17, 2009               **Hyde & Swigart**

                                       By:_ /s/ Joshua B. Swigart_____
                                       Joshua B. Swigart
                                       Attorneys for the Plaintiff

HYDE & SWIGART
San Diego, California

# TABLE OF CONTENTS

CAPTION .................................................................................................1

NOTICE ..................................................................................................2

**MOTION - POINTS & AUTHORITIES** ...................................................9

**I.   INTRODUCTION & SUMMARY OF ARGUMENT** ..............................9

**II.  STATEMENT OF RELEVANT FACTS**.............................................10

**III. PLAINTIFF'S CAUSES OF ACTION AGAINST ROMAN HOSSAIN SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(6)**..............................11

    **A.   LEGAL STANDARD**.................................................................11

    **B.   PLAINTIFF'S COMPLAINT IS INCREDIBLY VAGUE AND CONCLUSORY AND HAS FAILED TO ALLEGE WRONGS COMMITTED BY DEFENDANT HOSSAIN**........................11

    **C.   PLAINTIFF HAS NOT PLEAD SUFFICIENT FACTS TO SUSTAIN AN ACTION  AGAINST DEFENDANT HOSSAIN AS AN INDIVIDUAL DEFENDANT**...........................13

    **D.   EACH OF PLAINTIFF'S STATE LAW CLAIMS SET FORTH IN PLAINTIFF'S FOURTH, SIXTH, SEVENTH, EIGHTH, NINTH, TENTH AND TWELFTH CAUSES OF ACTION ARE PREEMPTED BY FEDERAL COPYRIGHT AND TRADEMARK LAW**........................14

        **1.   Standard For Preemption of State Laws**...............14

        **2.   Standard for Preemption under the Copyright Act**............................................................14

        **3.   Plaintiff Expressly Incorporates All of Its Copyright Allegations in All Other Allegations**....................16

        **4.   Plaintiff's Causes of Action Not Deemed Preempted by the Copyright Act Should be Deemed Preempted by Federal Trademark Law**.................17

    **E.   PLAINTIFF'S FIRST CLAIM OF COPYRIGHT INFRINGEMENT AGAINST DEFENDANT HOSSAIN SHOULD BE  DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(6)**..............................................18

    **F.   PLAINTIFF'S SECOND CLAIM OF VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT AGAINST DEFENDANT HOSSAIN SHOULD BE**

**HYDE & SWIGART**
San Diego, California

DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(6)..............................22

G.  PLAINTIFF'S THIRD CLAIM OF VIOLATIONS OF THE COMPUTER FRAUD AND ABUSE ACT ACT AGAINST DEFENDANT HOSSAIN SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(6)..............................24

H.  PLAINTIFF'S FOURTH CLAIM OF VIOLATIONS OF CALIFORNIA PENAL CODE SECTION 502 AGAINST DEFENDANT HOSSAIN SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(6)..............................25

I.  PLAINTIFF'S FIFTH CLAIM TRADEMARK INFRINGEMENT AGAINST DEFENDANT HOSSAIN SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(6)..............................26

J.  PLAINTIFF'S SIXTH CLAIM OF TRADEMARK INFRINGEMENT UNDER CALIFORNIA LAW AGAINST DEFENDANT HOSSAIN SHOULD BE DISMISSED  PURSUANT TO FED. R. CIV. P. 12(B)(6)..............................27

K.  PLAINTIFF'S SEVENTH CLAIM OF BREACH OF CONTRACT AGAINST DEFENDANT HOSSAIN SHOULD  BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(6)..............................27

L.  PLAINTIFF'S EIGTH AND NINTH CLAIMS OF INDUCING BREACH OF CONTRACT AGAINST AND INTENTIONAL INTERFERENCE WITH  CONTRACTUAL RELATIONS AGAINST DEFENDANT HOSSAIN SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(6)..............................29

M.  PLAINTIFF'S TENTH CLAIM OF FRAUD AGAINST DEFENDANT HOSSAIN SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(6)..............................30

N.  PLAINTIFF'S ELEVENTH CLAIM OF VIOLATIONS OF CAN-SPAM AGAINST DEFENDANT HOSSAIN SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(6)..............................31

O.  PLAINTIFF'S TWELTH CLAIM OF VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17529.5 AGAINST DEFENDANT HOSSAIN SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(6)..............................33

IV.  IN THE ALTERNATIVE, PLAINTIFFS SHOULD BE REQUIRED TO AMEND THE COMPLAINT TO PROVIDE A MORE DEFINITE STATEMENT

HYDE & SWIGART
San Diego, California

**AGAINST THE DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(e)**...................................34

**V.      CONCLUSION**...............................................35

## TABLE OF AUTHORITIES
### STATUTES

**Federal Statutes**

15 U.S.C. § 1114...................................................................................10

15 U.S.C. § 1125(a)..........................................................................10, 21

15 U.S.C. § 1125(b)...............................................................................10

15 U.S.C. § 7701 *et* seq.........................................................................10

15 U.S.C. § 7701(a)(6)............................................................................31

15 U.S.C. § 7704(a)(1)............................................................................31

15 U.S.C. § 7706(g)(1)............................................................................31

17 U.S.C. § 101......................................................................................10

17 U.S.C. § 102......................................................................................15

17 U.S.C. § 103......................................................................................15

17 U.S.C. **§** 106 *et seq.*........................................................................19

17 U.S.C. § 301......................................................................................15

17 U.S.C. 301(a).....................................................................................15

17 U.S.C. **§** 501....................................................................................19

17 U.S.C. § 1201........................................................................10, 22, 23

18 U.S.C. §1030..........................................................................10, 24, 25

18 U.S.C. § 1030(a)(5)(A).......................................................................25

Fed. R. Civ. P. 12(b)(6)....................................................................passim

Fed, R. Civ. P. 12(f)...............................................................................27

Fed. R. Civ. P. 8(a)..........................................................................passim

Fed. R. Civ. P. 9(b)..........................................................................passim

**State Statutes**

California Penal Code § 502.........................................................10, 25, 26

California Penal Code § 502(c)(7)............................................................25

California Business and Professions Code § 17529.5......................10, 33, 34

California Business and Professions Code § 17529.5(a)(1).........................33

**HYDE & SWIGART**
San Diego, California

California Business and Professions Code § 17529.5(a)(2)....................................33

California Business and Professions Code § 17529.5(a)(3)....................................33

## CASES

**Federal**

*Ackerman v. Northwestern Mut. Life Ins. Co.*,
172 F.3d 467 (7th Cir. 1999)............................................................................24

*ASIS Internet Services v. Optin Global, Inc.*,
No. 05-5124, 2006 WL 1820902, *4
(N.D. Cal. June 20, 2006)................................................................................32

*Balistreri v. Pacifica Police Dept.*,
901 F.2d 696 (9th Cir. 1988)............................................................................11

*Bell Atlantic v. Twombly,* 127 S. Ct. 1955 (2007)....................................22, 26

*Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336 (9th Cir. 1996) ....................11

*Calloway v. Marvel Entertainment Group*,
82CV8697, U.S. Dist. LEXIS 15688
(S.D.N.Y. July 5, 1983)..................................................................................20

*Chamberlin Group, Inc. v. Skylink Technologies, Inc.*,
381 F.3d. 1178, 1203 (U.S. Ct. Appeals Fed Circuit 2004)....................23

*Conley v. Gibson*, 355 U.S. 41(1957)......................................................12, 34

*Del Madera Props. v. Rhodes & Gardner, Inc.*,
820 F.2d 973 (9th Cir. 1987)............................................................................15

*DM Research Inc. v. College of American Pathologists*,
170 F.3d 53 (1st Cir. 1999)..............................................................................11

*Downing v. Abercrombie & Fitch*,
265 F.3d 994 (9th Cir. 2001)............................................................................15

*Endemol Entertainment B.V. v. Twentieth Television Inc.*,
 48 U.S.P.Q. 2d 1524 (C.D. Cal. 1998). ......................................................15

*Ellison v. Robertson*, 357 F.3d 1072 (9th Cir. 2004)..............................21

*Famolare, Inv. v. Edison Bros. Stores, Inc.*,
525 F. Supp. 940 (E.D. Cal. 1981)................................................................34

*Four Navy Seals & Jane Doe v. AP*,
413 F. Supp. 2d 1136 (D. Cal. 2005).............................................................20

*Gee v. CBS, Inc.*, 471 F.Supp. 600 (E.D. Pa. 1979)...............................20

HYDE & SWIGART
San Diego, California

*Gordon v. Virtumundo, Inc.*,
No. 06-0204, 2007 WL 1459395
*(*W.D. Wash. May 15, 2007*)*..................................................................31

*Grid Systems Corp. v. Texas Instruments Inc*.,
771 F. Supp. 1033 (N.D. Cal. 1991).......................................................12

*Grosso v. Miramax*, 383 F.3d 965 (9th Cir. 2004)...............................15

*Hayes v. Packard Bell NEC, Inc.*,
193 F. Supp.2d 910 (E.D. Tex 2001).......................................................24

*Idema v. Dreamworks, Inc.*,
*162 F.Supp.2d 1129 (C.D.Cal.2001)*.................................................15, 16

 *In re Marino*, 37 F.3d 1354 (9th Cir. 1994) .........................................12

*In re Syntex Corp, Sec. Litig.*, 95 F. 3d 922 (9th Cir. 1996)....................11

*Jones v. Rath Packing Co*., 430 U.S. 519, 525 (1977).......................14, 18

*Klefman v. Vonage Holdings Corp.*,
No. 07-2406-GAF-JWJ, 2007 WL 1518650
(C.D. Cal. May 23, 2007).........................................................................33

*Kodadek v. MTV Networks*, Inc., 152 F.3d 1209
(9th Cir. 1998)..........................................................................................16

*Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134
(9th Cir. 2006)..........................................................................................15

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001)........................11

*Mr. Donut of America, Inc. v. Mr. Donut, Inc*.,
 418 F.2d 838 (9th Cir. 1969) ...................................................................17

*Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001)..............................11, 13

*Omega World Travel, Inc. v. Mummagraphics, Inc.*,
469 F.3d 348 (4th Cir. 2006)....................................................................33

*Optinrealbig.com, LLC v. Ironport Sys., Inc.*,
323 F. Supp. 2d 1037 (N.D. Cal. 2004).....................................................31

*Publications v. Rural Tel. Serv. Co., Inc.*,
499 U.S. 340 (1991)..................................................................................20

*Schreiber Distributing Co. v. Serv-Well Furniture
Company, Inc.*,  806 F.2d 1393 (9th Cir. 1986).........................................30

*Selby v. New Line Cinema Corp*,
96 F.Supp.2d 1053 (C.D.Cal. 2000).........................................................15

HYDE & SWIGART
San Diego, California

*Silicon Knights, Inc., v. Crystal Dynamics, Inc., et al.,*
983 F.Supp. 1303 (N.D. Cal. 1997)........................................13

*Sharp v. Patterson*, 03CV8772, U.S.Dist.LEXIS 22311
(S.D.N.Y. Nov. 3, 2004)........................................20

*Semegen v. Weidner,* 780 F.2d 727 (9th Cir. 1985)........................................30, 33

*Sprewell v. Golden State Warriors,*
266 F.3d 979 (9th Cir. 2001)........................................11

*Sybersound Records, Inc. v. UAV Corp,*
517 F.3d 1137 (9th Cir. 2008)........................................16

*Thurmond v. Compaq Computer Corporation,*
171 F.Supp.2d 667 (E.D. Tex 2001)........................................24

*Transmission Agency of California v. Sierra Pacific Power Co.,*
295 F.3d 918, 928 (9th Cir. 2002)........................................14

*Vess v. Ciba-Geigy Corp. USA,*
317 F.3d 1097 (9th Cir. 2003) ........................................24, 34

*Wady v. Provident Life & Accident Ins*. Co.,
216 F. Supp. 2d 1060 (CD. Cal. 2002)........................................13

*Western Mining Council v. Watt,*
643 F. 2d 618 (9th Cir. 1981)........................................11

*Williams v. WMX Technologies, Inc.,*
112 F.3d 175 (5th Cir. 1997)........................................24

**State Cases**

*Andrus v. Estrada*, (1996) 39 Cal. App. 4th 1030........................................28

*Careau & Co. v. Security Pacific Business Credit, Inc.,* (1990)
222 Cal. App.3d 1371........................................27

*Contemporary Investments, Inc. v. Safeco Title Insurance Co.,*
(1983) 145 Cal. App.3d 999, 1002. ........................................29

*Lim v. The. TV Corporation International*, (2002)
99 Cal. App. 4th 684........................................30

*Pacific Gas & Electric v. Bear Stearns & Company* (1990)
50 Cal. 3d 1118 ........................................29

*Tri-Continent Int'l Corp. v. Paris Savings & Loan Assoc,*
(1993)12 Cal. App. 4 1354........................................28

*1-800 Contacts, Inc. v. Steinberg*, (2003)
107 Cal. App.4th 568........................................29

HYDE & SWIGART
San Diego, California

## MOTION - POINTS & AUTHORITIES

## I.

## INTRODUCTION & SUMMARY OF ARGUMENT

Marshaling the relevant facts is one of the most important responsibilities the Court assigns Plaintiff in preparation of their cases for trial. An essential duty of any Officer of the Court, which every court expects the Plaintiff to perform long before a case enters the court's docket, is evaluating whether a legal claim exists *based on the available facts*, and screening out frivolous aspects of an otherwise valid claim. In the instant matter, craigslist, Inc., a Delaware corporation ("Plaintiff") has brought a twelve-count cause of action against five named defendants, and up to twenty-five fictitious, or "John Doe" defendants ("Defendants"). Plaintiff's "check-the-box" complaint is fatally defective because it fails to assert facts sufficient to plead each essential element of each cause of action, and does little more than provide a verbatim recitation of the elements for each cause of action.

As will be discussed below, Plaintiffs simply lack a minimal factual basis to support any of their twelve causes of action, particularly against Defendant Roman Hossain ("Defendant Hossain"). Aside from the fact that it is "bad practice" to allege fictitious defendants in federal court, this tactic further evidences what Plaintiff's First Amended Complaint ("Complaint") in its entirety clearly demonstrates - that Plaintiffs have brought this action prematurely because they lack sufficient information and factual basis to commence this litigation.

As explained below, all of Plaintiff's causes of action in respect to Defendant Roman Hossain fail to state a claim upon which relief can be granted, and the entire action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Taking all of the facts alleged in Plaintiff's First Amended Complaint ("Complaint") as true, the Complaint fails to state any cause of action upon which relief could be granted because Plaintiff has failed to adequately plead sufficient facts to sustain any theory of action against Defendant Hossain. Furthermore, Plaintiff's state law claims are

preempted by federal law.  As explained more fully below, the appropriate remedy is for this Court to dismiss the action against Defendant Hossain pursuant to Fed. R. Civ. P. 12(b)(6).

## II.

## STATEMENT OF RELEVANT FACTS

Plaintiff has alleged twelve separate causes of action based on their belief that some person or entity has engaged in various ad-posting activities in violation of its Terms of Use policies ("TOUs").  Plaintiff alleges that somehow, Defendant Hossain is liable to Plaintiff for Copyright Infringement, 17 U.S.C. § 101, Violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1201; Violation of the Computer Fraud and Abuse Act, 18 U.S.C. §1030; Violation of California Penal Code § 502; Trademark Infringement, 15 U.S.C. § 1114, 1125(a) and (b); Trademark Infringement Under California Law; Breach of Contract; Inducing Breach of Contract; Intentional Interference With Contractual Relations; Fraud; Violations of CAN-SPAM, 15 U.S.C. § 7701. *et* seq*; and Violation of California Business and Professions Code § 17529.5.  In asserting these claims, Plaintiff maintains that that Defendants must have circumvented Plaintiff's security measures, developed software and automated devices to enable the auto-posting of ads on craigslist, and "copied the craigslist website" in order to engage in such ad-posting (Plaintiff's First Amended Complaint, ¶¶ 95-97)(hereinafter, "Complaint").

At this point, Plaintiff has not provided any facts relating to such allegations.  Plaintiff's Complaint is wholly devoid of any factual substance, and fails to provide Defendant Hossain with any basis to evaluate Plaintiff's claims.  As is further detailed below, Plaintiff's Complaint does little more than provide a recitation of verbatim language from various statutes.  Plaintiff does not plead any facts demonstrating how Defendant Hossain is even involved in the acts Plaintiff alleges, let alone how Defendant Hossain may be liable to Plaintiff under any of the the causes of action asserted in Plaintiff's Complaint.

///

HYDE & SWIGART
San Diego, California

HYDE & SWIGART
San Diego, California

### III.

## PLAINTIFF'S CAUSES OF ACTION AGAINST ROMAN HOSSAIN SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(6)

**A.   LEGAL STANDARD**

A Rule 12(b)(6) motion tests the legal sufficiency of a claim or claims asserted in the complaint.  *See* Fed. R. Civ. P. 12(b)(6).  Under Rule Fed. R. Civ. P. 12(b)(6), dismissal for failure to state a claim is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).  In a Rule 12(b)(6) motion, a court must accept well-pleaded factual allegations as true, *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996) however, the court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" or conclusory legal allegations cast in the form of factual allegations." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001);  *In re Syntex Corp, Sec. Litig.*, 95 F. 3d 922, 926 (9th Cir. 1996); *Western Mining Council v. Watt*, 643 F. 2d 618,624 (9th Cir. 1981).  Under Fed. R.Civ. P. 12(b)(6) and 8(a)(2), dismissal is proper for "an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

**B.   PLAINTIFF'S COMPLAINT IS INCREDIBLY VAGUE AND CONCLUSORY  AND HAS FAILED TO ALLEGE WRONGS COMMITTED BY DEFENDANT HOSSAIN**

Plaintiff's complaint is wholly conclusory and fails to allege any actionable conduct by Defendant Hossain.  Conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition.  *DM Research Inc. v. College of American Pathologists,* 170 F.3d 53, 55 (1st Cir. 1999); *See also Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

Plaintiff's complaint totals 36 pages and 248 averments.  Throughout this lengthy and verbose disquisition there is not a single averment or allegation of wrongs committed by Defendant Hossain.  The vast majority of Plaintiff's

averments are simply unclear as to which defendant they are referring to.  Even the few averments that attempt to provide some clarity in this respect referring to "Defendants" are either specifically qualified by reference to defendants other than Roman Hossain (*see* e.g. Plaintiff's Complaint ¶¶ 25, 26, 111 thereof), or, in the alternative, are clearly not referring to Defendant Hossain though the term "Defendants" is unqualified (*see*, e.g., Complaint, ¶ 108 which should be construed to refer to defendants craigsliststore.com, referenced elsewhere in the Complaint).

The unqualified use of the term "defendants" is even more ambiguous and confusing when applied to Defendant Hossain, whom Plaintiff alleges is nothing more than the technical, administrative, registrant and billing contact for some of the other defendants (Complaint, ¶¶ 23, 24).  Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, all pleadings shall contain a plain statement of the claim showing that pleader is entitled to relief.  Rule 8(a) is designed to ensure that a defendant has fair notice of the nature of the claim and of the facts on which it is based.  *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957). *See also In re Marino*, 37 F.3d 1354, 1357 (9th Cir. 1994) (noting that the federal courts " 'liberal pleading policy' does not justify the conclusion that any document filed in a court giving some notice of claim satisfies the requirements of the Federal Rules"). "Effective ... pleading should provide the defendant with a basis for assessing the initial strength of the plaintiff's claim, for preserving relevant evidence, for identifying any related counter-or cross-claims, and for preparing an appropriate answer." *Grid Systems Corp. v. Texas Instruments Inc*., 771 F. Supp. 1033, 1037 (N.D. Cal. 1991).

Accordingly, Plaintiff needs to explain with specificity what actions taken by Defendant Hossain are actionable in connection with Plaintiff's alleged injuries. Here, Defendant Hossain cannot reasonably be said to have had fair notice of the nature of the complaint against him nor can he be expected to frame a response to the numerous conclusory statements made in the Complaint. Since Plaintiff has failed to allege any facts or acts of wrongdoing against Defendant Hossain sufficient to support a cognizable legal theory, dismissal is proper.  *See Navarro v.*

*Block*, 250 F.3d 729, 732 (9th Cir. 2001).

**C.    PLAINTIFF HAS NOT PLEAD SUFFICIENT FACTS TO SUSTAIN AN ACTION AGAINST DEFENDANT HOSSAIN AS AN INDIVIDUAL DEFENDANT.**

In Plaintiff's Complaint, Plaintiff alleges that Defendant was the Registrant Contact, Admisinstrative Contact, Technical Contact, and Billing Contact for the domain names craigslistadsstore.com, craigslistpromoting.com, and postingexperts.com, and further alleges that Defendant was the billing contact for an authorized user of the subscriber account responsible for the autopostpro.com website. (Complaint ¶¶ 23, 24).   Nowhere in Plaintiff's Complaint does Plaintiff allege wrongdoing by Defendant Hossain in his capacity as an individual.  Instead, Plaintiff refers to the acts taken by "Posting Agents" (*see* Complaint, ¶ 79, referenced elsewhere in Complaint), which Plaintiff has alleged to include defendants autoposterpro.com, craigslistadsstore.com,.com, and postingexperts.com. (Complaint ¶ 90).

"To assert claims against individual defendants, a complaint must contain allegations indicating how the [individual] defendant violated the law or injured the plaintiff in order to survive a motion to dismiss." *Silicon Knights, Inc., v. Crystal Dynamics, Inc., et al*., 983 F.Supp. 1303, 1308 (N.D. Cal. 1997).  It is not sufficient to merely allege that individuals are liable for the purported misconduct of a corporation or other business entity by reason of their association with that corporation.  Thus, any claim against Defendant Hossain must be based on conduct in his individual capacity, as opposed to conduct on behalf of any of the above-referenced entities. *See Wady v. Provident Life & Accident Ins*. Co., 216 F. Supp. 2d 1060, 1067 (CD. Cal. 2002)

Beyond their incredibly conclusory allegations, Plaintiff has failed to allege that Hossain personally and individually participated in any misconduct tied to any of Plaintiff's various causes of action. These are claims which plainly should only have been asserted, if at all, against the corporations and business entities allegedly

responsible for Plaintiff's harm, not Defendant Hossain. It is insufficient to plead a reverse respondeat superior theory as a basis for holding individuals liable for the alleged acts of a corporation. Since plaintiffs have failed to allege any specific acts on the part of Hossain which would support the imposition of personal liability on him for any of the causes of action asserted in the Complaint, the Court should dismiss all of these causes of action against Hossain, with prejudice.

**D. EACH OF PLAINTIFF'S STATE LAW CLAIMS SET FORTH IN PLAINTIFF'S FOURTH, SIXTH, SEVENTH, EIGHTH, NINTH, TENTH AND TWELFTH CAUSES OF ACTION ARE PREEMPTED BY FEDERAL COPYRIGHT AND TRADEMARK LAW.**

**1. Standard For Preemption of State Laws.**

Preemption is the constitutional doctrine that invalidates a state law cause of action because it interferes with some aspect of a federal cause of action. "Federal preemption of state law is rooted in the Supremacy Clause, Article VI, clause 2, of the United States Constitution." *Transmission Agency of California v. Sierra Pacific Power Co.*, 295 F.3d 918, 928 (9th Cir. 2002). "Preemption of state law 'is compelled whether Congress' command is explicitly stated in the statute's language or implicitly contained in its structure and purpose." *Jones v. Rath Packing Co.*, 430 U.S. 519, 525 (1977)).

**2. Standard for Preemption under the Copyright Act.**

Plaintiff's state law causes of action are preempted under federal copyright law. Section 301 of the Copyright Act (17 U.S.C. § 301) codifies the preemption doctrine under copyright law. As the Copyright Act explicitly provides, "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright ... are governed exclusively by this title," and, as such, "no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State." The purpose of this broad-based preemption is to "accomplish the general federal policy of creating a uniform method for protecting and enforcing certain rights in intellectual property by preempting other claims." *Endemol Entertainment B.V. v. Twentieth Television Inc.*, 48 U.S.P.Q. 2d

1524, 1528 (C.D. Cal. 1998).  Through 17 U.S.C. § 301, federal law explicitly provides for preemption of state law claims that clash with the strictures of copyright protection.

It is well settled in this Circuit and others that Section 301 of the Copyright Act establishes a two-pronged test for preemption focusing on the nature of the work in question and the rights claimed in that work under state law.  *Laws v. Sony Music Entm't, Inc*., 448 F.3d 1134, 1137-38 (9th Cir. 2006); *Downing v. Abercrombie & Fitch,* 265 F.3d 994, 1003 (9th Cir. 2001); *Del Madera Props. v. Rhodes & Gardner, Inc*., 820 F.2d 973, 976 (9th Cir. 1987)(overruled on other grounds); *Grosso v. Miramax*, 383 F.3d 965 (9th Cir. 2004).  First, the work involved must fall within the "subject matter" of the Copyright Act as set forth in 17 U.S.C. §§102 and 103.  *Laws v. Sony Music Entm't, Inc*., 448 F.3d 1134, 1137-38**.**   Second, the rights that a plaintiff asserts under state law must be "rights that are equivalent" to those protected by the Copyright Act. 17 U.S.C. §301(a).  *Laws v. Sony Music Entm't, Inc*., 448 F.3d 1134, 1137-38.   As the Court in *Selby v. New Line Cinema Corp*, 96 F.Supp.2d 1053, 1059 (C.D.Cal. 2000) held: "In determining whether a state law claim protects the rights protected by the Act, the critical inquiry is whether the claim contains an 'extra element' that changes the nature of the cause of action."

In applying the "extra element" test to ascertain whether an alleged state law claim is "equivalent" to those rights protected by the Copyright Act, it has been observed that courts "should not rely merely on a 'laundry list' of the alleged elements of the state law claim at issue, such that the mere possibility of an 'extra element' protects a claim from preemption." *Idema v. Dreamworks, Inc., 162 F.Supp.2d 1129, 1190 (C.D.Cal.2001).*  A technical "extra element" is insufficient. Rather, the extra element must transform the state law claim so that it is qualitatively different from a copyright infringement claim. *Del Madera Props*., 820 F.2d at 976; *See also Berge v. Board of Trustees of the University of Alabama*, 104 F.3d 1453 (4th Cir. 1997) (holding that "the shadow actually cast by

HYDE & SWIGART
San Diego, California

the [Copyright] Act's preemption is notably broader than the wing of its protection.") Instead, a fact-specific inquiry into the actual allegations -- as they have been asserted -- is to be made to determine whether they are "equivalent" to the federal copyright claim. *Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1189 (C.D. Cal. 2001).

### 3.   Plaintiff Expressly Incorporates All of Its Copyright Allegations in All Other Allegations

Plaintiffs claims for violation of the California Penal Code, Trademark Infringement Under California Law, Breach of Contract, Inducing Breach of Contract, Intentional Interference With Contractual Relations and Violations of the California Business and Professions Code are nothing more than disguised copyright claims seeking to vindicate the "exclusive rights within the general scope of copyright law."  They are therefore preempted by federal law and properly dismissed. *See Sybersound Records, Inc. v. UAV Corp*, 517 F.3d 1137, 1150 (9th Cir. 2008) (affirming district court's dismissal under F.R.C.P. 12(b)(6) of all state law claims as preempted by the Copyright Act); *Sony Pictures,* 156 F.Supp.2d at 1164 (dismissing state law common law and 17200 unfair competition claims as preempted by the Copyright Act).

First, the wholesale incorporation of the very same allegations forming the basis of Plaintiff's copyright claim (Complaint, ¶¶ 125-136) into each and every other claim for relief demonstrates that all of Plaintiff's claims fall, by definition, into the scope of the Copyright Act.   The Ninth Circuit has commented on this issue in *Kodadek v. MTV Networks*, Inc., 152 F.3d 1209 (9th Cir. 1998) by stating that when a plaintiff incorporates the paragraphs setting forth its copyright claim by reference into its unfair competition claim, that is further evidence supporting a finding of preemption. *See Kodadek*, 152 F.3d at 1212.  This kind of understanding is specifically applicable in the present matter, as Plaintiff has presented an Unfair Competition Claim in Count Twelve of their Complaint.  By way of example and

HYDE & SWIGART
San Diego, California

without limitation, Plaintiff expressly incorporates into its Fourth Claim its copyright allegations that:

(a)   "Defendants have knowingly accessed and without permission used craigslist data, computers, computer systems and/or computer networks...." (Complaint ¶ 157);

(b)   "Defendants have knowingly accessed and without permission taken, copied, and/or made use of data from craigslist computers, computer systems and/or computer networks" (Complaint ¶ 158); and

(c)   "Defendants have knowingly and without permission used or caused to be used craigslist's computer services" (Complaint ¶¶ 159.)

It simply defies logic to suggest that Plaintiff's express incorporation into its Fourth (and all other) Claims of all these fundamental and exclusive allegations of copyright infringement somehow takes these claims out of the realm of copyright. To the contrary, these claims fall- by Plaintiff's own express allegations-directly within the preemptive scope of the Copyright Act.

Each of Plaintiff's state claims as set forth in Causes of Action, Four, Six, Seven, Eight, Nine, Ten and Twelve incorporate by reference each of the allegations set forth in Plaintiff's First Cause of Action consisting of its copyright claim. Accordingly, all such Causes of Action are by definition identical to Plaintiff's Copyright Claim, including, without limitation, Plaintiff's Sixth Cause of Action for state trademark infringement. Thus both prongs of the preemption analysis are met and each of such causes of action should be dismissed on preemption grounds.

### 4.   Plaintiff's Causes of Action Not Deemed Preempted by the Copyright Act Should be Deemed Preempted by Federal Trademark Law

In the event that this Court determines that any of Plaintiff's causes of action are not preempted by the Copyright Act, said causes of action should be deemed to be preempted by the Lanham Act.  The Ninth Circuit has acknowledged in *Mr. Donut of America, Inc. v. Mr. Donut, Inc.* (9th Cir. 1969) 418 F.2d 838, that "[t]he

HYDE & SWIGART
San Diego, California

Lanham Act has pre-empted the field of trademark law and controls." *Id.* at 844.  It seems counter-intuitive to assert that state-law claims which come within the subject matter of copyright law and which protect rights equivalent to any of the exclusive rights within the scope of federal copyright law should be litigated only as federal copyright claims, and yet, maintain that state-law claims which come within the subject matter of federal trademark law and which protect rights equivalent to any of the exclusive rights within the scope of federal trademark law can be litigated as either, and/or both federal trademark claims as well as state law claims.

As the United States Supreme Court has stated, "[p]reemption of state law 'is compelled whether Congress' command is explicitly stated in the statute's language *or implicitly contained in its structure and purpose*." *Jones v. Rath Packing Co.*, 430 U.S. 519, 525 (1977) (emphasis added).  Understanding the structure and purpose of federal copyright law has been determined to preempt state law claims of similar subject matter and protecting the same rights, it seems logical that federal trademark law (Lanham Act) would implicitly possess similar properties.

Accordingly, in the event this Court determines that some of Plaintiff's state-law claims come within the subject matter of federal trademark law and protect rights equivalent to any of the exclusive rights within the scope of federal trademark law, as opposed to copyright law, it should be determined such state-law claims are equally preempted.

**E.   PLAINTIFF'S FIRST CLAIM OF COPYRIGHT INFRINGEMENT AGAINST DEFENDANT HOSSAIN SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Plaintiff's claim of copyright infringement against Defendant Hossain should be dismissed for failure to state a claim upon which relief can be granted.  Fed. R. Civ. Pro 12(b)(6).  Plaintiff has failed to allege that Defendant Hossain copied or in any way infringed on Plaintiff's copyrighted materials in his individual capacity.

1   Under 17 U.S.C. § 501, copyright infringement actions are limited to persons who

2   themselves violate exclusive rights of copyright holders defined in 17 U.S.C. § 106

3   *et seq.*

4          The only facts Plaintiff alleges supporting a claim for copyright infringement

5   appear in paragraphs 97-100 of Plaintiff's Complaint.  The allegations are as

6   follows:

7          100.   On information and belief, Defendants accessed and copied the

8                 craigslist website (including, but not limited to, creation of cached

9                 copies of the website) to develop, test,implement, use and provide their

10                 posting services.

11         101.   These acts of access and copying were unauthorized or in excess of

12                 any authorized access.

13         102.   On information and belief, Defendants continue to access and copy the

14                 craigslist website (including, but not limited to, creation of cached

15                 copies of the website) to operate, maintain and update their posting

16                 services.

17         103.   These acts of access and copying were and are unauthorized or in

18                 excess of any authorization.

19         As clearly seen, Plaintiff's allegations are incredibly vague and conclusory.

20  Plaintiff's have provided no basis for such allegations, other than their speculation

21  that any injuries suffered by Plaintiff somehow must have entailed infringement of

22  Plaintiff's copyrights.  Problematically, Plaintiff has not shown any action on behalf

23  of any of the Defendants that would give rise to such an inference, specifically,

24  Defendant Hossain.  Plaintiff has not provided which, if any, of the Defendants

25  engaged in such conduct.   Instead, Plaintiff's are employing a "throw everything

26  against the wall, and see what sticks" tactic through their use of the unqualified

27  term "Defendants," because Plaintiff does not, and can not, provide any facts

28  indicating that any of the Defendants, specifically, Defendant Hossain, engaged in

HYDE & SWIGART
San Diego, California

any wrongful conduct warranting such an allegation.  Further, Plaintiff failed to provide a point in time, or even a relative time frame for when such alleged conduct occurred.

In order to prevail on a claim for copyright infringement, a party must prove: 1) ownership of a valid copyright ; and 2) unlawful copying by the defendant. *Feist Publications v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361(1991).  In the context of a copyright infringement claim, Fed. R. Civ. P. Rule 8 requires at a minimum that Plaintiff identify the copyrighted works at issue. *Gee v. CBS, Inc.*, 471 F.Supp. 600, 644 (E.D. Pa. 1979); *Four Navy Seals & Jane Doe v. AP*, 413 F. Supp. 2d 1136, 1148 (D. Cal. 2005)("The complaint does not identify exactly which works defendants infringed.")

Plaintiff fails to allege with any specificity the copyrighted materials purportedly infringed upon by Defendants.  Indeed, the generic allegation in this context is that defendants somehow "knowing[ly], intentional[ly], willful[ly], malicious[ly] and fraudulent[ly]" (Complaint, ¶ 105) "access[ed] and cop[ied] the craigslist website" (Complaint, ¶¶ 97, 99) "in excess of any authorization" (Complaint, ¶ 100).   Notably, Plaintiff has not alleged which aspects of Plaintiff's website, or which copyrighted materials Defendants allegedly infringed upon.  As recognized in *Gee*, *supra*, Plaintiff's complete failure to identify the specific infringed works mandates dismissal. *Gee*, *supra*, 471 F.Supp. at 645 n. 24.

"[A] claim of infringement must state ... which specific original work is the subject of the copyright claim, that plaintiff owns the copyright, that the work in question has been registered in compliance with the statute and *by what acts and during what time defendant has infringed the copyright*." *Calloway v. Marvel Entertainment Group*, 82CV8697, U.S. Dist. LEXIS 15688 at *7 (S.D.N.Y. July 5, 1983) (emphasis added). "Plaintiffs must also... state by what act or acts on what dates defendants infringed the copyrights." *Id. See also Sharp v. Patterson*, 03CV8772, U.S.Dist.LEXIS 22311 at *48 (S.D.N.Y. Nov. 3, 2004) ("The obligation

HYDE & SWIGART
San Diego, California

to identify the infringing and infringed works in a pleading is not satisfied by alleging a mass infringement of 69 different copyrighted letters by five different novels").

Plaintiff simply has not plead any facts regarding "what time Defendant has infringed the copyright."  Instead, Plaintiff alleges that at some point during craigslist's existence, one or all of the Defendants, or some combination thereof (Plaintiff's Complaint simply does not make this clear), copied Plaintiff's entire website for the purpose of testing their illegal posting software.  Again, Plaintiff clearly does not know of any facts supporting such an overreaching inference, otherwise, this allegation would have been based on more than Plaintiff's "information and belief."  Surly, if Plaintiff's possessed such information, they certainly would have alleged such facts.

Plaintiff's claims for vicarious and/or contributory infringement of Plaintiffs rights under 15 U.S.C. § 1125(a) also fail because Plaintiff has failed to adequately plead a direct infringement in respect to Defendant Hossain. Furthermore, Plaintiff has fialed to even allege the bare prima facie elements of contributory/vicarious liability as to Defendant Hossain.  To plead contributory copyright infringement, Plaintiff must allege (1) direct infringement by a primary infringer; (2) knowledge thereof; and (3) material contribution to the infringement. *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004). Plaintiff has not sufficiently pleaded any of these elements in respect to Defendant Hossain for the same reasons discussed above.

Accordingly, not only has Plaintiff failed to allege any specific acts of infringement committed by Defendant Hossain, but they have failed to allege any specific times such infringement occurred in respect to any of the Defendants.  For these reasons, this Court should dismiss Count One of Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

///

F.   **PLAINTIFF'S SECOND CLAIM OF VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT AGAINST DEFENDANT HOSSAIN SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Like the other causes of action asserted by Plaintiff, Plaintiff's claim that Defendants have violated the Digital Millennium Copyright Act, 17 U.S.C. § 1201("DMCA") fails to state sufficient facts to support a cognizable legal theory and accordingly, Plaintiff's second cause of action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted.

In section Five of Plaintiff's Complaint, entitled "FACTS GIVING RISE TO ALL CLAIMS FOR RELIEF," Plaintiff's discussion spans from pages 5 - 19, and contains 110 averments. Curiously, in this entire discussion, Plaintiff only makes a single averment relating to a potential violation of the DMCA. This appears in paragraph 96 of Plaintiff's Complaint, and reads "[o]n information and belief, Defendants deliberately circumvent numerous craigslist technological security measures in order to auto-post ads on craigslist" (Complaint, ¶ 96). This single averment fails to factually substantiate a claim under DMCA for several reasons. There is no indication as to what security measures have been allegedly circumvented by defendants. There is absolutely no point in time, or time frame provided as to when such alleged conduct occurred. As is consistent with the rest of Plaintiff's Complaint, there is absolutely no indication which, if any, defendant committed said alleged acts.

Despite the fact that Plaintiff makes only a single averment to justify an claim for relief under the DMCA, Plaintiff's Complaint, under the heading "Second Claim for Relief," regurgitates a verbatim recitation of the various activities that are deemed unlawful under the DMCA (Complaint, ¶¶ 137-146), and in a conclusory fashion, asserts that defendants have engaged in said activities. Problematically, Plaintiff failed to allege any facts to substantiate these claims. It is insufficient for Plaintiff to merely allege the elements of a cause of action without divulging facts that would support such an allegation. *Bell Atlantic v. Twombly,* 127 S. Ct. 1955, 1964-1965 (2007) ("a plaintiffs obligation to provide the "grounds" of his

HYDE & SWIGART
San Diego, California

"entitle[ment] to relief requires more than lables and conclusions, and a formulaic recitation of the elements of a cause of action will not do.")

In order to allege a violation of the DMCA, a Plaintiff must show: "(1) ownership of a copyrighted work, (2) effectively controlled by a technological measure, (3) that third parties can now access; (4) without authorization, in a manner that, (5) infringes or facilitates infringing a right protected by the Copyright Act, because of a product that (6) defendant either (i) designed or produced primarily for circumvention, (ii) made available despite only limited commercial significance other than circumvention, or (iii) marketed for use in circumvention of the controlling technological measure." *Chamberlin Group, Inc. v. Skylink Technologies, Inc.*,381 F.3d. 1178, 1203 (U.S. Ct. Appeals Fed Circuit 2004).

Plaintiff's claim for violation of the DMCA fails because Plaintiff has failed to properly allege any of these elements. First, the CAPTCHA system does not control the public's access to copyrighted works, it is designed to distinguish between human users and automated devices. Second, third parties do not have access to copyrighted works because of Defendants' alleged automated devices. The public as a whole has access to Plaintiff's copyrighted works, as it is on a public website. Third, the entire public is authorized by Plaintiff to view the site, including any area that is a copyrighted work. Fourth, as set forth above, the Complaint has not made any valid claim of any copyright infringement. Lastly, Plaintiff has not alleged any facts supporting an

inference that Defendant Hossain designed or produced such automated devices,, made said devices available to the public, or marketed said devices. Again, all Plaintiff has done is provide a formulaic recitation of the elements of this cause of action, without actually providing any facts supporting such an inference. For all of the foregoing reasons, the Second Claim for Violation of DMCA 17 U.S.C. § 1201 should be dismissed with prejudice.

///

///

### G. PLAINTIFF'S THIRD CLAIM OF VIOLATIONS OF THE COMPUTER FRAUD AND ABUSE ACT ACT AGAINST DEFENDANT HOSSAIN SHOULD BE DISMISSED  PURSUANT TO FED. R. CIV. P. 12(B)(6)

Plaintiff accuses Defendant Hossain of "computer fraud and abuse" under 18 U.S.C. § 1030.  However, Plaintiff fails to allege facts sufficient to fall with the purview of the statute.  In that regard, claims based on a "unified course of fraudulent conduct" are said to be "grounded in fraud" and must therefore be pled with particularity under Rule 9(b). *Vess v. Ciba-Geigy Corp. USA* (9th Cir. 2003) 317 F.3d 1097, 1103-1104.  Rule 9(b) of the Federal Rules of Civil Procedure requires "in all averments of fraud ..., the circumstances constituting the fraud ... shall be stated with particularity." "By requiring the plaintiff to allege the who, what, where, and when of the alleged fraud, the rule requires the plaintiff to conduct a pre-complaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate." *Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999).  "[T]he who, what, when, and where must be laid out before access to the discovery process is granted." *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 178 (5th Cir. 1997). Plaintiff's allegations do not state fraud with particularity. Plaintiff does not address the "who, what, where, and when" of the alleged computer fraud. The computer fraud and abuse claim is insufficiently pled.

Further, as a threshold matter, this statute requires that the $5,000.00 in economic damage be sustained to one specified protected computer, and not all of Plaintiff's computers collectively. *See Hayes v. Packard Bell NEC, Inc.,* (E.D. Tex 2001) 193 F. Supp.2d 910, 912.  In *Thurmond v. Compaq Computer Corporation,* (E.D. Tex 2001) 171 F.Supp.2d 667, 680, the Court stated that the "the plain language of section 1030(a)(5)(A) requires damage to '*a protected computer*.' (Emphasis added).  As the emphasized language indicates, the $5,000 aggregated loss must be to a computer." *Id.*  This court went on to quote former Attorney General Janet Reno who explained to a congressional subcommittee considering amending 18 U.S.C. (a)(5)(A): "We also need to consider additional

HYDE & SWIGART
San Diego, California

tools to locate and identify cyber criminals. For example, we may need to strengthen the Computer Fraud and Abuse Act by closing a loophole what allows a computer hacker who have caused a large amount of damage to a network of computers to escape punishment if no individual computer sustained over $5,000.00 worth of damage." *Id. quoting* Hearing Before the Subcomm. on Commerce, Justice and State; Judiciary and Related Agencies of the Senate Comm. on Appropriations, 106th Cong. (2000) (Statement of Janet Reno Attorney General of the United States, "Cybercrime"), available at 2000 WL 11068228, at *7 (emphasis added).

Plaintiff's have failed to allege $5,000.00 damage to any specified computer. Interestingly, Plaintiff has pled this element in a manner that defeats this claim.  In paragraph 118 of Plaintiff's Complaint, Plaintiff states "the increased load and burden on craigslist's servers, and the burden on craigslist's personnel resources to develop counter measures, investigate incidents, remove unauthorized ads, and address user complaints, cost craigslist well in excess of $5,000 per year."  By Plaintiff's own admission, any alleged damaged suffered was to their various servers and their network generally.  There is no allegation of any damage to a single computer as explicitly required by the statute Plaintiff is seeking relief under. For all of the foregoing reasons, the Third Claim for Violation of Computer Fraud and Abuse Act, 18 U.S.C. § 1030 should be dismissed with prejudice.

**H.   PLAINTIFF'S FOURTH CLAIM OF VIOLATIONS OF CALIFORNIA PENAL CODE SECTION 502 AGAINST DEFENDANT HOSSAIN SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(6)**

California Penal Code § 502(c)(7) states that it is a public offense to access a computer without permission. In Plaintiff's Complaint, paragraphs 155-167, in conclusory fashion, Plaintiff has again pleaded the language of the statute, and alleged that defendants accessed their website without permission. Plaintiff has alleged no facts regarding any alleged access of their computers, including when,

HYDE & SWIGART
San Diego, California

1   where and how they were accessed.

2       Moreover, as has been briefed above, Plaintiff has made allegations in

3   respect to this cause of action that clearly come within the subject matter of

4   copyright law and which protect rights equivalent to any of the exclusive rights

5   within the scope of federal copyright law.   Therefore, this claim is preempted as a

6   matter of law.   For all of the foregoing reasons, the Fourth Claim for Violation of

7   California Penal Code Section 502 should be dismissed with prejudice.

8  **I.    PLAINTIFF'S FIFTH CLAIM TRADEMARK INFRINGEMENT AGAINST**
9  **DEFENDANT HOSSAIN SHOULD BE DISMISSED PURSUANT TO FED. R. CIV.**
10 **P. 12(B)(6)**

11

12      Again, Plaintiff Complaint has insufficient factual basis to bring this claim

13  against Defendant Hossain.   In one of the few sections of their Complaint that does

14  provide a factual or objectively verifiable basis for bringing a cause of action,

15  Defendant Hossain is not alleged to participate in any way.   In paragraph 108 of

16  Plaintiff's Complaint, Plaintiff provides an example of a "spam email" sent by

17  "Defendants."   While Plaintiff attempts to use the unqualified term "Defendants," it

18  is clear this email was sent by Defendant Jake Carter.   *See* Complaint, ¶ 108.   This

19  averment is    the sole factual basis Plaintiff has provided to support a federal

20  trademark claim, and there is no mention whatsoever of Defendant Hossain.

21  Plaintiff's tactic of doing little more than pleading the language of the statute is

22  simply insufficient to sustain a motion to dismiss. *See e.g., Bell Atlantic v. Twombly,*

23  127 S. Ct. 1955, 1964-1965 (2007) ("a plaintiffs obligation to provide the

24  "grounds" of his "entitle[ment] to relief requires more than lables and conclusions,

25  and a formulaic recitation of the elements of a cause of action will not do.")  For all

26  of the foregoing reasons, the Fifth Claim for Trademark Infringement should be

27  dismissed with prejudice.

28  ///

///

**J.    PLAINTIFF'S SIXTH CLAIM OF TRADEMARK INFRINGEMENT UNDER CALIFORNIA LAW AGAINST DEFENDANT HOSSAIN SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(6)**

For the same reasons discussed above in section I, Plaintiff's claim for trademark infringement under California Law fails to allege any facts supporting a claim against Defendant Hossain.  Also, this claim is redundant under Fed, R. Civ. P. 12(f) since Plaintiff has done nothing more than say that since defendants  actions allegedly constitute trademark infringement under federal law, that they also violate California trademark law.  Further, as discussed above, it should be determined that Plaintiffs claims for federal copyright and trademark infringement preempt this claim for violations of California trademark law.   Even assuming, arguendo, that Plaintiff's Sixth cause of action for Trademark Infringement is not preempted, Plaintiff has failed to allege the minimal prima facie elements for California Trademark violations as to Defendant Hossain.  For all of the foregoing reasons, the Sixth Claim for Trademark Infringement Under California Law should be dismissed with prejudice.

**K.    PLAINTIFF'S SEVENTH CLAIM OF BREACH OF CONTRACT AGAINST DEFENDANT HOSSAIN SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(6)**

A Plaintiff pleading breach of contract must plead the following elements "(1) the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) resulting damages to plaintiff." *Careau & Co. v. Security Pacific Business Credit, Inc.,* (1990), 222 Cal. App.3d 1371, 1388.

In the instant matter, Plaintiff has failed to plead facts which establish two essential elements of a claim for breach of contract. First, Plaintiff has failed to plead the existence of a contract with Defendant Hossain, as the facts set forth in the Complaint do not give any particulars with respect to the contract. For example, the Complaint does not set forth: (1) when the alleged contract was formed; (2) whether the alleged contract was written, oral or implied by conduct; (3) when the

HYDE & SWIGART
San Diego, California

alleged contract was breached; (4) whether there were multiple contracts between the parties; and most importantly (5) who the actual parties to the contract were. Plaintiff has not pled any facts indicating which defendants had actually accessed Plaintiff's website and agreed to adhere to their Terms of Use "TOUs." There is no cause of action for breach of contract against an entity who was never a party to the contract at issue. *See, e.g., Tri-Continent Int'l Corp. v. Paris Savings & Loan Assoc,* 12 Cal. App. 4 1354, 1359 (1993) (affirming summary judgment; "[plaintiff] cannot assert a claim for breach of contract against one who is not a party to the contract."). Indeed, suing a nonparty for breach of contract can be sanctionable under California law. *See Andrus v. Estrada*, 39 Cal. App. 4th 1030, 1044 (1996) (affirming sanctions for, among other things, an "improper allegation of breach of contract against respondent when he was not a party to the contract.").

The Complaint does not allege that a valid contract was ever formed, as the facts alleged show that there was never any mutual consent between the parties to agreed "terms of use." In Plaintiff's Complaint, paragraph 94, Plaintiff alleges that Defendants (use of the term Defendants is unqualified here, and there is no way of identifying which Defendant Plaintiff is referring to) "use computer software and other automated devices and programs to post or assist them to post their ads." To qualify such a statement, it is necessary to infer that Defendants alleged "agreement," or "consent" to Plaintiffs TOUs were done so, if at all, through the use of automated devices. That would mean that the contract was breached while it was being entered into. This allegation clearly shows that even if Defendants engaged in the sort of conduct alleged by Plaintiff, Defendants did not consent to the TOUs, otherwise, it would not have allegedly used the automated devices to execute the act of consenting to the TOUs.

Lastly, as briefed above, because Plaintiff has incorporated all averments relating to their First Claim for copyright infringement into their Seventh Claim for breach of contract, the claim for breach of contract necessarily come within the subject matter of the copyright claim. This claim is therefore preempted. For all of

HYDE & SWIGART
San Diego, California

1    the reasons set forth above, the Seventh Claim for Breach of Contract should be

2    dismissed with prejudice.

3    **L.    PLAINTIFF'S EIGTH AND NINTH CLAIMS OF INDUCING BREACH OF**
**CONTRACT AGAINST AND INTENTIONAL INTERFERENCE WITH**
4    **CONTRACTUAL RELATIONS AGAINST DEFENDANT HOSSAIN SHOULD BE**
**DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(6)**
5

6

7           The elements which a plaintiff must plead to state a claim for intentional

8    interference with contractual relations and inducing breach of contract are "(1) valid

9    contract between plaintiff and a third party; (2) defendant's knowledge of this

10   contract; (3) defendant's intentional acts designed to induce a breach or disruption

11   of the contractual relationship; (4) actual breach or disruption of the contractual

12   relationship; and (5) resulting damage." *Pacific Gas & Electric v. Bear Stearns &*

13   *Company* (1990) 50 Cal. 3d 1118, 1126; *Contemporary Investments, Inc. v. Safeco*

14   *Title Insurance Co.,* (1983) 145 Cal. App.3d 999, 1002. The tort of inducing breach

15   of contract is a species of intentional interference with contractual relations. *1-800*

16   *Contacts, Inc. v. Steinberg*, (2003) 107 Cal. App.4th 568.

17          It is respectfully submitted that both the Inducing Breach of Contract and

18   Intentional Interference with Contract Claims suffer from the same defects as the

19   Breach of Contract Claim as set forth in Section K of this brief.  Furthermore,

20   Plaintiff has failed to identify a single third party who was either induced and/or

21   had a existing business relationship with Plaintiff.  Further, as briefed above,

22   because Plaintiff has incorporated all averments relating to their First Claim for

23   copyright infringement into their Eighth and Ninth Claims for Inducing breach of

24   contract and intentional interference with contractual relations, the latter two claims

25   necessarily come within the subject matter of the copyright claim.  Therefore, this

26   claim is preempted.  For all of the reasons set forth above, the Eighth and Ninth

27   Claims for Inducing breach of contract and intentional interference with contractual

28   relations should be dismissed with prejudice.

///

HYDE & SWIGART
San Diego, California

### M.   PLAINTIFF'S TENTH CLAIM OF FRAUD AGAINST DEFENDANT HOSSAIN SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(6)

Under California law, the elements of fraud are "(1) a representation, (2) that is false, (3) made with knowledge of its falsity, and (4) with an intent to deceive, coupled with (5) actual detrimental reliance and (6) resulting damage." *Lim v. The. TV Corporation International*, (2002) 99 Cal. App. 4th 684, 694.  Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure "[i]n all averments of fraud or mistake, the circumstances of fraud or mistake shall be stated with particularity."  "[T]he pleader must state the time, place and specific content of the false representations, as well as the identities of the parties to the misrepresentation." *Schreiber Distributing Co. v. Serv-Well Furniture Company, Inc.* (9th Cir. 1986) 806 F.2d 1393, 1401. *See also Semegen v. Weidner,* 780 F.2d 727, 731 (9th Cir. 1985).

In Plaintiff's Complaint paragraph 102, Plaintiff has alleged that "each time Defendants affirmatively accepted and agreed to abide by craigslist's TOUs, Defendants intended to violate the TOUs and concealed their intent to violate the craigslist TOUs."   However, Plaintiff has failed to plead these alleged acts with particularity.  Plaintiff has failed to plead the time when these alleged representations of Defendants occurred.  Plaintiff has failed to plead where Defendants were when these alleged representations occurred. Further, Plaintiff has failed to allege the identities of the persons to the alleged representations. As Plaintiff has entirely failed to plead said elements with particularity, Plaintiff's claims for fraud fail to state a claim upon which relief may be granted.  Also, as briefed above, because Plaintiff has incorporated all averments relating to their First Claim for copyright infringement into their Tenth Claim for fraud, this claim necessarily come within the subject matter of the copyright claim.  Therefore, this claim is preempted.   For all of the reasons set forth above, the Tenth Claim for Fraud should be dismissed with prejudice.

///
///

HYDE & SWIGART
San Diego, California

**N.   PLAINTIFF'S ELEVENTH CLAIM OF VIOLATIONS OF CAN-SPAM AGAINST DEFENDANT HOSSAIN SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Plaintiff's eleventh claim for violations of CAN-SPAM against Defendant Hossain fails to state a claim for which relief can be granted for several reasons. First, under 15 U.S.C. § 7706(g)(1), "A provider of Internet access service adversely affected by a violation of section 7704(a)(1) of this title ... may bring a civil action ..." To succeed in a private action under CAN-SPAM, Plaintiffs must show (1) that it was possible that they suffered harm recognized as actionable under CAN-SPAM; and (2) that the harm actually occurred. *Gordon v. Virtumundo, Inc.,* No. 06-0204, 2007 WL 1459395*, at *7 (*W.D. Wash. May 15, 2007*).* For the reasons set forth below, Plaintiffs fail to show that they were "adversely affected" by a violation of the CAN-SPAM Act, and cannot do so.

Plaintiff's alleged "harm" or "loss" is not the type recognized by Congress in enacting CAN-SPAM, nor the type that an Internet service provider is entitled to remedy through CAN-SPAM's limited private right of action . See 15 U.S.C. § 7701(a)(6) ("The growth in unsolicited commercial electronic mail messages imposes significant monetary costs on providers of Internet access services, businesses, and educational and nonprofit institutions that carry and receive such mail, as there is a finite volume of mail that such providers, businesses, and institutions can handle without further investment in infrastructure.") (emphasis added); *see also Optinrealbig.com, LLC v. Ironport Sys., Inc.,* 323 F. Supp. 2d 1037, 1040 (N.D. Cal. 2004) (quoting CAN-SPAM Act, Pub. L. No. 108-2 187 § 2(a)(6), (now codified at 15 U.S.C. § 7701(a)(6))).

Because Plaintiff's servers did not carry or transmit any of the alleged emails, Plaintiff did not suffered any harm that can be remedied through CAN-SPAM. In section Five of Plaintiff's Complaint, entitled "FACTS GIVING RISE TO ALL CLAIMS FOR RELIEF," subsection J entitled "Defendant's Spam Emails," Plaintiff does not allege that they have received a single email from defendants. Rather, they merely state that "craigslist has received notices from craigslist users

that Defendants have transmitted unsolicited spam commercial email messages to them." (Complaint, ¶ 106). The alleged emails were sent to craigslist's users at the users' email addresses. In an all to familiar fashion, Plaintiff attempts to cure this defect in paragraphs 227-240 of their Complaint by providing a regurgitation of the elements required to sustain a cause of action under this statute. However, these allegations are wholly conclusory and do not provide a single act, of fact warranting such a claim. Plaintiff's provided a copy of an alleged spam email, allegedly sent by defendants (which defendant, of course, is unknown) at paragraph 108 of their Complaint. Interestingly, while Plaintiff's later claim in their Claim For Relief that defendants have sent these emails to Plaintiff (this was clearly done so in an attempt to cure an otherwise fatal pleading defect), Plaintiff could not provide a copy of such a communication. Surly, if Plaintiff could procure a copy of an alleged spam email from one of their patrons (which of course has no bearing on this cause of action), they would be able to procure such an email from their own server. The reason Plaintiff has failed to plead accordingly is because they can not. Thus, Plaintiffs cannot possibly allege any harm or loss as a result of any conduct in violation of the CAN-SPAM Act. Furthermore, because Plaintiff has not suffered any injury, Plaintiff lacks standing to bring an action under CAN-SPAM.

Additionally, Plaintiff has not pleaded any facts relating to the relationship among the defendants or their connection with the alleged misconduct with particularity. Under CAN-SPAM, a plaintiff cannot simply charge "Defendants" collectively with the responsibility for sending the allegedly fraudulent emails. *ASIS Internet Services v. Optin Global, Inc.*, No. 05-5124, 2006 WL 1820902, *4 (N.D. Cal. June 20, 2006). "Ascribing to all Defendants the act of sending the allegedly fraudulent email also runs afoul of Rule 9(b)." *Id*. Moreover, where a plaintiff charges defendants with a unified course of fraudulent conduct, it must plead with particularity both the relationship among the parties and their supposed scienter. *Id*. at *4. Plaintiff has failed to do this here.

**O.   PLAINTIFF'S TWELTH CLAIM OF VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17529.5 AGAINST DEFENDANT HOSSAIN SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(6)**

All possible theories of recovery under this cause of action should be dismissed for failure to state a claim for which relief can be granted.  Plaintiff's claims brought under Section 17529.5(a)(1) and (a)(2) are expressly preempted by CAN-SPAM because they do not sound in fraud.  Congress has permitted states to adopt their own anti-spam laws only to the extent such laws sound in fraud and do not prohibit technical or inadvertent mistakes. *See Omega World Travel, Inc. v. Mummagraphics, Inc.,* 469 F.3d 348, 354-56 (4th Cir. 2006);  *Klefman v. Vonage Holdings Corp.*, No. 07-2406-GAF-JWJ, 2007 WL 1518650, *3 (C.D. Cal. May 23, 2007) (finding that Section 17529.5 claim preempted by CAN-SPAM when it did not sound in fraud).  Specifically, Congress has determined that a "strict liability standard for errors would impede unique opportunities for the development and growth of frictionless commerce." *Mummagraphics,* 469 F.3d at 355.  Accordingly, Subdivision (a)(1) [of Section 17529.5] is definitely preempted by the CAN-SPAM Act because it regulates something other than falsity or deception in commercial e-mails. Further, subdivision (a)(2) [of Section 17529.5] is also preempted because it effectively imposes a strict liability standard for bare error. However, subdivision (a)(3) [of Section 17529.5] is definitely not preempted because it requires proof of a material misrepresentation.

However, in regard to subdivision (a)(3) of section 17529.5, Plaintiff has failed to plead its claims with particularity.  As discussed above, to avoid CAN-SPAM's preemption clause, a state law must sound in fraud, targeting only intentional misrepresentations by a defendant that would mislead a reasonable person.  "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). The allegations must be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not simply deny that they have done anything wrong. *See Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

HYDE & SWIGART
San Diego, California

"Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct alleged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) Accordingly, to the extent Section 17529.5 is not preempted by CAN-SPAM, Plaintiff must allege its claims with particularity, under Federal Rule of Civil Procedure 9(b). Plaintiff has failed to do so.

### III.
### IN THE ALTERNATIVE, PLAINTIFFS SHOULD BE REQUIRED TO AMEND THE COMPLAINT TO PROVIDE A MORE DEFINITE STATEMENT AGAINST THE DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(e).

Fed. R. Civ. P.  Rule 12(e) provides that " If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." (emphasis added) Fed. R. Civ. P. 12(e).  *See Famolare, Inv. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981).  Under Rule 8(a), all pleadings shall contain a plain statement of the claim showing that pleader is entitled to relief.  Rule 8(a) is designed to ensure that a defendant has fair notice of the nature of the claim and of the facts on which it is based.  *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957).

To describe the Plaintiff's Complaint as ambiguous would understate the degree to which it fails to apprise Defendant Hossain and every other defendant in the instant matter of the substance of Plaintiff's claims. It provides no discernible connection between the parties, or between the parties and the twelve alleged counts against them. Under those circumstances, it is simply impossible for Defendant Hossain or any other defendant to figure out what Plaintiff has alleged, much less whether Defendant Hossain or some other defendant might bear any responsibility. A defendant is entitled to a more definite statement of the claims before being required to defend a lawsuit.

///

## CONCLUSION

Based on the foregoing, we respectfully request this Court to dismiss each and every cause of action against Defendant Hossain be dismissed with prejudice. Alternatively, if this Court is inclined to permit this action to continue against Defendant Hossain, we respectfully request that this Court order Plaintiff to provide a more definite statement.


Date: February  17, 2009                         **Hyde & Swigart**

                                                 By:_/s/ Joshua B. Swigart_____
                                                 Joshua B. Swigart
                                                 Attorneys for the Plaintiff