1    Brian Hennessy (SBN 226721)
     Email:  BHennessy@perkinscoie.com
2    Perkins Coie LLP
     101 Jefferson Drive
3    Menlo Park, CA  94025-1114
     Telephone:  (650) 838-4300
4    Facsimile:  (650) 838-4350

5    Elizabeth L. McDougall, WA Bar No. 27026 (*pro
     hac vice*)
6    E-mail:  EMcDougall@perkinscoie.com
     Perkins Coie LLP
7    1201 Third Avenue, Suite 4800
     Seattle, WA 98101-3099
8    Telephone:  (206) 359-8000
     Facsimile:  (206) 359-9000

9
     Attorneys for Plaintiff
10   craigslist, Inc.,

11                       UNITED STATES DISTRICT COURT

12                      NORTHERN DISTRICT OF CALIFORNIA

13                              OAKLAND DIVISION

14

15   craigslist, Inc., a Delaware corporation,        **Case No. CV-08-5069 SBA**

16                         Defendants,               **CRAIGSLIST'S OPPOSITION TO
                                                     DEFENDANT ROMAN HOSSAIN'S**
17          v.                                       **MOTION TO DISMISS**

18   Autoposterpro, Inc., PostingExperts, Inc.,      **Hearing Date:**  March 31, 2009
19   Roman Hossain, John Doe d/b/a                   **Hearing Time:** 1:00 p.m.
     crigslistadsstore.com and                       **Crtm:**  Courtroom 3, 3rd Floor
20   craigslistpromming.com and Does 2               **Hon.:**  Saundra B. Armstrong
     through 25, inclusive,
21
22                         Defendant.

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2
                                                                   **Page**

I.      INTRODUCTION ......................................................................................1

II.     STATEMENT OF ISSUES .........................................................................1

III.    STATEMENT OF RELEVANT FACTS ...................................................2

IV.    ARGUMENT ..............................................................................................2

      A.     Legal Standard ...............................................................................2

      B.     The First Amended Complaint Pleads Ample Facts to State Claims Against Defendant Roman Hossain as an Individual ........................................3

      C.     The State Law Claims Are Not Preempted .....................................4

            1.     The State Law Claims are Not Preempted by the Copyright Act ............4

            2.     The State Law Claims Are Not Preempted by the Lanham Act ...............9

      D.     The First Amended Complaint States a Claim Under Each Cause of Action .......10

            1.     The First Amended Complaint States a Claim for Copyright Infringement (First Claim) .........10

            2.     The First Amended Complaint States a Claim for Violation of the Digital Millennium Copyright Act (Second Claim) ..............12

            3.     The First Amended Complaint States a Claim for Violation of the Computer Fraud and Abuse Act (Third Claim) .....................14

            4.     The First Amended Complaint States a Claim for Violation of California Penal Code Section 502 (Fourth Claim) .................16

            5.     The First Amended Complaint States a Claim for Trademark Infringement under the Lanham Act (Fifth Claim) .................17

            6.     The First Amended Complaint States a Claim for Trademark Infringement Under California Law (Sixth Claim) .................17

            7.     The First Amended Complaint States a Claim for Breach of Contract (Seventh Claim) .........18

            8.     The First Amended Complaint States a Claim for Inducing Breach of Contract (Eighth Claim) and for Intentional Interference with Contractual Relations (Ninth Claim) ..............19

            9.     The First Amended Complaint States a Claim for Fraud (Tenth Claim) .........21

           10.    The Claims for Violation of CAN-SPAM (Eleventh Claim) and the California Business and Professions Code (Twelfth Claim) Are Withdrawn Without Prejudice ..............22

      E.     Hossain's Alternative Request for a More Definite Statement Is Frivolous .........22

40753-
0043/LEGAL15442036.3

1

# TABLE OF AUTHORITIES

2

**Page**

3

**Cases**

4    *A.G. Edwards & Sons, Inc. v. Smith*, 736 F. Supp. 1030 (D. Ariz. 1989)....................................22

5    *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079 (9th Cir. 2005)....................................................4

6    *Bell Atlantic Corp.  v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007) ..........................................2

7    *Boxall v. Sequoia Union High Sch. Dist.*, 464 F. Supp. 1104 (N.D. Cal.1979) ............................22

8    *Bureerong v. Uvawas*, 922 F. Supp. 1450 (C.D. Cal.1996) ...........................................................22

9    *Calloway v. Marvel Entertainment Group*, No. 82-Cv-8697, 1983 WL 1141 (S.D.N.Y.
10       1983)..........................................................................................................................................11

11    *Careau & Co. v. Security Pacific Business Credit, Inc.*, 222 Cal. App. 3d 1371 (Cal. App.
       1990)..........................................................................................................................................18

12    *Catch Curve, Inc. v. Venali, Inc.*, 519 F.Supp.2d 1028 (C.D. Cal. 2007)....................................20

13    *Chamberlain Group, Inc. v. Skylink Technologies, Inc.*, 381 F.3d 1178 (Fed. Cir. 2004) ...........12

14    *Cinebase Software*, 1998 WL 661465 ...........................................................................................11

15    *Cinebase Software, Inc. v Media Guaranty Trust, Inc.*, No. 98-Cv-1100, 1998 WL 661465
16       (N.D. Cal. 1998)........................................................................................................................11

17    *Cooper v. Pickett*, 137 F.3d 616 (9th Cir. 1997) ..........................................................................15

18    *Coupons, Inc. v. Stottlemire*, 588 F. Supp. 2d 1069 (N.D. Cal. 2008).........................................14

19    *Creative Computing v. Getloaded.com LLC*, 386 F.3d 930 (9th Cir. 2004) ................................14

20    *Davison v. Santa Barbara High Sch. Dist.*, 48 F. Supp. 2d 1225 (C.D. Cal.1998) ......................22

21    *Downing v. Abercrombie & Fitch*, 265 F.3d 994 (9th Cir. 2001) ...................................................4

22    *Ellison v. Robertson*, 357 F.3d 1072 (9th Cir. 2004) ....................................................................11

23    *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197 (2007)...............................................................2

24    *Facebook, Inc. v. ConnectU LLC*, 489 F. Supp. 2d 1087 (N.D. Cal. 2007)..................................16

25    *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940 (E.D. Cal.1981).........................22

26    *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991).........................................10

27    *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) ...................................6

28    *Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115 (N.D. Cal. 2001)........................................8

**TABLE OF AUTHORITIES**
(continued)

Page

*Gee v. CBS, Inc.*, 471 F. Supp. 600 (E.D. Pa. 1979)................................................................11

*Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246 (9th Cir. 1997).......................................................2

*Golden Door, Inc. v. Odisho*, 646 F.2d 347 (9th Cir. 1980) ....................................................9, 10

*Haltman v. Aura Systems, Inc.*, 844 F. Supp. 544 (C.D. Cal. 1993)...........................................15

*Hotmail Corp. v. Van$ Money Pie Inc.*, Nos. C-98 & C 98-20064, 1998 WL 388389
(N.D. Cal. 1998)........................................................................................................................18

*In re Apple & AT & TM Antitrust Litigation*, 2008 WL 4810067 (N.D. Cal. Oct. 1, 2008).........14

*JCW Investments, Inc. v. Novelty, Inc.*, 482 F.3d 910 (7th Cir. 2007).........................................9

*Jonathan Browning, Inc. v. Venetian Casino Resort, LLC*, No. 07-Cv-3983, 2007 WL
4532214 (N.D. Cal. Dec. 19, 2007) ..........................................................................................8

*JZK, Inc. v. Weaver*, 2006 WL 2988172 (W.D. Wash. Oct. 17, 2006).........................................7

*Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209 (9th Cir. 1998) .................................................5

*Logicom Inclusive, Inc. v. W.P. Stewart & Co.*, No. 04-Cv-0604, 2004 WL 1781009
(S.D.N.Y. Aug. 10, 2004)...........................................................................................................8

*M2 Software, Inc. v. Madacy Entm't*, 421 F.3d 1073 (9th Cir. 2005)..........................................17

*Maxim Integrated Products, Inc. v. Analog Devices, Inc.*, 79 F.3d 1153, 1996 WL 117425
(9th Cir. 1996)...........................................................................................................................19

*Mazer v. Stein*, 347 U.S. 201 (1954)...........................................................................................6

*Mid Am. Title Co. v. Kirk*, 991 F.2d 417 (7th Cir.1993) .............................................................11

*Molnar v. 1-800-Flowers.com, Inc.*, No. 08-Cv-0542, 2008 WL 4772125 (C.D. Cal. Sept.
29, 2008).....................................................................................................................................18

*Mr. Donut of America, Inc. v. Mr. Donut, Inc.*, 418 F.2d 838 (9th Cir. 1969).............................10

*Nat'l Car Rental Sys., Inc. v. Computer Assocs. Int'l, Inc.*, 991 F.2d 426 (8th Cir.), *cert.
denied,* 510 U.S. 861 (1993).......................................................................................................8

*Nester's Map & Guide Corp. v. Hagstrom Map Co.*, 796 F. Supp. 729 (E.D.N.Y. 1992)...............7

*Neubronner v. Milken*, 6 F.3d 666 (9th Cir.1993) ......................................................................21

*Online Policy Group v. Diebold, Inc.*, 337 F. Supp. 2d 1195 (N.D. Cal. 2004) ...........................19

*Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal.3d 1118 (Cal. 1990) ..........................20

*Pamfiloff v. Giant Records, Inc.*, No. 91-Cv-1708, 1991 WL 334916 (N.D. Cal. 1991) ...............9

CRAIGSLIST'S OPPOSITION TO
DEFENDANT ROMAN HOSSAIN'S
MOTION TO DISMISS CV-08-5069 SBA

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3   *Pareto v. F.D.I.C.*, 139 F.3d 696 (9th Cir. 1998) ........................................................2

4   *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 167 F. Supp. 2d 1114 (C.D. Cal. 2001)...................11

5   *Plasticolor Molded Products v. Ford Motor Co.*, 713 F. Supp. 1329 (C.D. Cal. 1989),
    *vacated pursuant to consent judgment*, 767 F. Supp. 1036 (C.D. Cal. 1991) .........................9

6

7   *Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700 (9th Cir. 2004)................................6

    *Ramona Manor Convalescent Hosp. v. Care Enterprises*, 177 Cal. App .3d 1120 (Cal. Ct.
8      App. 1986)...........................................................................................................20

9   *Reid-Ashman Mfg, Inc. v. Swanson Semiconductor Service, LLC*, No. C-06-4693, 2007
    WL 1394427 (N.D. Cal. 2007) ...........................................................................15

10

    Rule 9(b)'s ...................................................................................................................15
11

12   *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072 (C.D. Cal.1994) ...........................22

     *San Bernardino Pub. Employees Ass'n v. Stout*, 946 F. Supp. 790 (C.D. Cal.1996)...................22
13

     *Sebastian Intern., Inc. v. Russolillo*, 162 F.Supp.2d 1198 (C.D. Cal. 2001)................................20
14

15   *Shade Gorman*, No. 08-Cv-3471, 2009 WL 196400 (N.D. Cal. Jan. 28, 2009) .........................14

16   *Shamblin v. Berge*, 166 Cal. App. 3d 118 (Cal. Ct. App. 1985)..............................................19, 20

17   *Sharp v. Patterson*, No. 03-Cv-8772, 2004 WL 2480426 (S.D.N.Y. 2004) ...........................7, 11

     *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002)........................................................2, 11
18

19   *Ticketmaster LLC v. RMG Technologies, Inc.*, 507 F. Supp. 2d 1096 (C.D. Cal. 2007)........ passim

20   *U.S. ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048 (9th Cir. 2001) .........................15

21   *Valente-Kritzer Video v. Pinckney*, 881 F.2d 772 (9th Cir. 1989).........................................9

22   *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003)..............................................15, 21

23   *Warshaw v. Xoma Corp.*, 74 F.3d 955 (9th Cir. 1996) ................................................15

     *Wood v. Apodaca*, 375 F. Supp. 2d 942 (N.D. Cal. 2005) ................................................17
24

25   *Zero Down Supply Chain Solutions, Inc. v. Global Transp. Solutions, Inc.*, No. 07-Cv-
       400, 2008 WL 4642975 (D. Utah Oct. 17, 2008) ................................................14

26   **Statutes**

27   15 U.S.C. § 1114.......................................................................................................6

28   15 U.S.C. § 1125(a) ................................................................................................6

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page**

3      15 U.S.C. § 1125(d) ..................................................................................................6

4      15 U.S.C. § 17529.5 .................................................................................................1

5      15 U.S.C. § 7701 ......................................................................................................1

6      17 U.S.C. § 101 ........................................................................................................6

7      17 U.S.C. § 102 ..................................................................................................4, 6, 7

8      17 U.S.C. § 103 ........................................................................................................4

9      17 U.S.C. § 1201 .........................................................................................12, 13, 14

10     17 U.S.C. § 1201(a)(2) ......................................................................................12, 13

11     17 U.S.C. § 1201(b)(1) ......................................................................................12, 13

12     17 U.S.C. § 301 ........................................................................................................4

13     17 U.S.C. § 301(b)(3) ...............................................................................................4

14     17 U.S.C.A. § 1201(a)(3)(B) ...................................................................................13

15     18 U.S.C. § 1030 ....................................................................................................14

16     California Penal Code § 502 ..............................................................................6, 7, 16

17     **Regulations and Rules**

18     Fed. R. Civ. P. 12(b)(6) ........................................................................................2, 9

19     Fed. R. Civ. P. 12(e) ..............................................................................................22

20     Fed. R. Civ. P. 8 ...................................................................................................2, 11

21     Fed. R. Civ. P. 8(a) .........................................................................................2, 11, 22

22     Fed. R. Civ. P. 8(a)(2) ..............................................................................................2

23     Fed. R. Civ. P. 9(b) ..........................................................................................passim

24     **Other Authorities**

25     H.R. REP. No. 94-1476, 94th Cong., 2d Sess. 132, *reprinted in* 1976 U.S.C.C.A.N. 5659,
       5748 ........................................................................................................................8
26

27

28

1

2

### I.   INTRODUCTION

Defendant Roman Hossain's Motion to Dismiss craigslist's First Amended Complaint ("FAC") is a conclusory three-pronged attack on the FAC.  Hossain argues: (1) the FAC does not specifically allege that Hossain engaged in wrongful conduct; (2) the state law claims are preempted by the federal Copyright Act and the federal Lanham Act; and (3) certain claims fail to meet a purported heightened pleading requirement.  As set forth more fully below, Hossain's arguments ignore clear, specific allegations in the FAC, lack supportive legal authority, and do not apply to the allegations of FAC as actually pled.

Far from vague, the FAC details multiple assorted bad acts by Defendants, including Hossain, that give rise to multiple distinct claims.  These activities include illicitly copying portions of the copyright-protected craigslist website; posting classified advertisements on craigslist's services in violation of the terms of use ("TOUs"); unauthorized use of the protected craigslist trademark in domain names; and accessing craigslist's computers without authorization to post ads in violation of the TOUs and to expropriate craigslist users' email addresses.  craigslist has alleged these bad acts, as well as the different legal claims to which they give rise, in ample detail to sustain these claims and defeat Hossain's broad-based motion to dismiss[1] and his request for a more definite statement.

### II.   STATEMENT OF ISSUES

The issues presented by Hossain's motion are:

Does the FAC state claims against Hossain individually?

Are the FAC's state law claims preempted by the federal Copyright Act or the Lanham Act?

Does the FAC state claims under the causes of action asserted?

---

[1] As noted in Section IV.10. below, craigslist is voluntarily withdrawing its Eleventh and Twelfth claims of relief for violation of CAN-SPAM, 15 U.S.C. § 7701, and the California Business and Professions Code § 17529.5, respectively.

CRAIGSLIST'S OPPOSITION TO
DEFENDANT ROMAN HOSSAIN'S
MOTION TO DISMISS CV-08-5069 SBA

1

2

3

4

### III.   STATEMENT OF RELEVANT FACTS

The fact relevant to determination of the pending motion is the FAC, including paragraphs 22, 23, 24 and 27 that set out factual allegations specific to Hossain and paragraphs 28 to 124 that set out the factual allegations underlying the claims in the FAC.

5

### IV.   ARGUMENT

6

### A.   LEGAL STANDARD

7

8

9

10

11

12

13

14

15

Pursuant to the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require only that this "statement" constitute a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Twombly*, 127 S. Ct. at 1964). A plaintiff's factual allegations need only "be enough to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965.[2]

16

17

18

19

20

21

22

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The court must find "enough facts to raise a reasonable expectation that discovery will reveal evidence" to substantiate the necessary elements of the plaintiff's claim. *Id.* "However, the Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotation omitted).

23

24

25

26

In evaluating a motion to dismiss, the Court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). Further, the complaint must be read in the light most favorable to plaintiff. *Id.*

27

28

---

[2] "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions. Rule 9(b), for example, provides for greater particularity in all averments of fraud or mistake." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002).

CRAIGSLIST'S OPPOSITION TO
DEFENDANT ROMAN HOSSAIN'S
MOTION TO DISMISS CV-08-5069 SBA

Hossain's various wrongful acts—which are enumerated and described in the FAC with ample detail to permit Hossain to answer the charges—state numerous distinct claims upon which relief can and should be granted.

**B.    THE FIRST AMENDED COMPLAINT PLEADS AMPLE FACTS TO STATE CLAIMS AGAINST DEFENDANT ROMAN HOSSAIN AS AN INDIVIDUAL**

As his first and second challenges to the FAC, Hossain argues that the FAC does not allege wrongs committed by Hossain or wrongs committed by Hossain "in his capacity as an individual."  Both arguments fail on the face of the FAC.

The FAC is unequivocal that Hossain, who was the named contact for all functions of the accused websites (FAC ¶¶ 22, 23 24), owned or operated the websites responsible for the unlawful auto-posting services described in the FAC.  (FAC ¶¶ 27, 86.)  Specifically, the FAC makes clear that Hossain is included in the FAC's definition of "Defendants."  (FAC ¶ 27 ("Defendants Autoposterpro Inc., PostingExperts, Inc., *Roman Hossain*, John Doe d/b/a craigslistsadsstore.com and craigslistpromoting.com, and the Doe Defendants are referred to collectively in this Complaint as 'Defendants.'" (emphasis added).)  The FAC also makes clear that the Defendants, which include Hossain, "*owned or operated* the autoposterpro.com, postingexperts.com, craigslistadsstore.com, and craigslistpromoting.com *websites*."  (FAC ¶ 86 (emphasis added).)[3]  The FAC's allegation that other defendants are participants with Hossain in the unlawful scheme and acts described in the FAC does not negate, undermine or obscure the plain allegation that Hossain—the named registrant, administrative, technical and billing contact for the websites—owned or operated these websites, whether alone or in conjunction with the other defendants.  (FAC ¶¶ 22, 23, 24, 27, 86.)

Furthermore, Hossain's argument that he is not alleged to be anything more than the contact for craigslistadsstore.com, craigslistpromoting.com, and postingexperts.com, and cannot be held individually liable for corporate actions ignores the allegations as set forth in the FAC. The FAC makes allegations against Hossain *only* in his capacity as an individual.  There is no

---

[3] Indeed, everywhere "Defendants" are referred to without qualification in the FAC, Roman Hossain is included.  (*See, e.g.*, FAC ¶¶ 13-14, 86, 90-97, 99, 101-117, 121-124, 127-136, 140-143, 145, 149-153, 157-166, 170-174, 176-179, 182-183, 189-194, 196, 200-204, 206, 209-212, 214, 216-224, 226.)

1    allegation that Hossain is an employee, officer, director or agent of any corporate defendant that

2    could afford him limited liability protection.  (*See* FAC, *passim*.)  As alleged in the FAC, Hossain

3    is acting as an individual owner and operator of auto-posting websites and services in conjunction

4    with other Defendants.  (FAC ¶¶ 22, 23, 24, 27, 86).  In this role, the multiple allegations of

5    misconduct and the various separate claims to which that misconduct gives rise is traceable to

6    Hossain directly.  The FAC is amply specific to provide notice to Hossain of the allegations of

7    misconduct against him and the basis for the assertion of his individual liability.  This is all notice

8    pleading requires.

9    **C.      The State Law Claims Are Not Preempted**

10         With little more than cursory statements of case law, Hossain argues that all of the FAC's

11   state law claims are preempted either by the Copyright Act or the Lanham Act.  However, the fact

12   that Hossain's unlawful activities were wide-ranging does not mean that that they were

13   duplicative.  Distinct state law claims are not preempted by any applicable federal law.

14         **1.      The State Law Claims are Not Preempted by the Copyright Act**

15         Copyright law does not preempt state laws with respect to "activities violating legal or

16   equitable rights that are not equivalent to any of the exclusive rights within the general scope of

17   copyright as specified by section 106."  17 U.S.C. § 301(b)(3).  The Ninth Circuit has interpreted

18   § 301 to impose two conditions on preemption of state law claims.  "First, the content of the

19   protected right must fall within the subject matter of copyright as described in 17 U.S.C. §§ 102

20   and 103." *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1003 (9th Cir. 2001).  "Second, the

21   right asserted under state law must be equivalent to the exclusive rights contained in section 106

22   of the Copyright Act."  *Id.*  The second condition is not met if the state law claim includes an

23   "extra element" that makes the right asserted qualitatively different from those protected by the

24   Copyright Act.  *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1089 (9th Cir. 2005).

25         Despite these requirements, Hossain's only argument for preemption is that the FAC

26   incorporates all preceding paragraphs into each count of the FAC, and thereby incorporates the

27   First Count for copyright infringement into all subsequent counts, including the state law claims.

28

CRAIGSLIST'S OPPOSITION TO
DEFENDANT ROMAN HOSSAIN'S
MOTION TO DISMISS CV-08-5069 SBA

1   This argument exults form over substance to an absurd degree.[4]  Rather, as explained in

2   *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998), the single case cited by

3   Hossain for his incorporation-equals-preemption argument, courts must "examine the nature of

4   the [plaintiff's state law] claim to discern what rights [plaintiff] seeks to enforce with state law."

5   *Kodadek* does *not* stand for a broad proposition that general incorporation of copyright allegations

6   (along with all other general allegations) into a state law claim establishes preemption.

7        In *Kodadek*, the court observed that the *only* alleged wrongful act was the defendant's

8   "publishing and placing on the market for sale products bearing the images subject to the

9   copyright ownership of the plaintiff."  *Id.*  It also observed that the plaintiff's unfair competition

10   claim "incorporates by reference paragraphs from the copyright infringement claim" that allege

11   the defendant created derivative works from the plaintiff's drawings.  *Id.* at 1212-13.  Thus, on the

12   face of the complaint, it was "clear that [the plaintiff's] state law unfair competition claim [was]

13   based solely on rights equivalent to those protected by federal copyright laws."  *Id.* at 1213.  Even

14   so, the court went on to address the second requirement of the copyright preemption test, and

15   easily determined that drawings are "pictorial works" within the subject matter of the Copyright

16   Act.  *Id.*  Very simply, and very different from the FAC in this case, in *Kodadek*, there were *no*

17   non-copyright allegations in the complaint.

18        Here, the allegations of FAC are numerous and varied, and only a few relate to copyright.

19   The broad inclusion of all of the FAC's factual allegations in the state law counts is not evidence

20   that the state law claims are based solely on rights equivalent to those protected by federal

21   copyright laws.  Application to the FAC of the two requirements for Copyright Act preemption

22   demonstrates that preemption is improper.

23        First, the rights protected by the state law claims in the FAC (Counts Four, Six, Seven,

24   Eight, Nine and Ten) are not within the subject matter of the Copyright Act.  None of these

25   claims are predicated on protection of original works of authorship, which is the subject matter of

26

27   _____
     [4] Should the Court find the FAC's inclusion of the single sentence "craigslist realleges and
     incorporates by reference all of the preceding paragraphs" persuasive in its preemption analysis, this
     sentence can easily be eliminated by amendment to specifically exclude the copyright allegations and
28   count from each state law claim, and craigslist requests the opportunity to do so.

-5-                CRAIGSLIST'S OPPOSITION TO
                                                                   DEFENDANT ROMAN HOSSAIN'S
                                                                   MOTION TO DISMISS CV-08-5069 SBA

copyright.  17 U.S.C. § 102.  Count Four states a claim for violation of California Penal Code § 502 based, *inter alia*, on Defendants' (including Hossain's) repeated unauthorized access to and use of craigslist's computers, computer systems and computer networks and expropriation of data – specifically craigslist users' email address – from those computers.  (FAC ¶¶ 109, 156–165.) craigslist's computers and computer systems are not works of authorship protected by copyright. They are functional, utilitarian objects, which are not within the subject matter of copyright.  17 U.S.C. § 101; *Mazer v. Stein*, 347 U.S. 201 (1954).  Users' email addresses are facts, which are also not within the subject matter of copyright.  *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).  Count Six states a claim for trademark infringement under California common law based on the same allegations supporting Count Five – craigslist's claim for trademark infringement under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and 1125(d) .  (FAC ¶ 182.)  The fundamental allegation underlying these claims is Hossain's use of the federally registered CRAIGSLIST trademark, including in domain names, on their websites and in email advertising.  (FAC ¶¶ 23, 71-78, 86, 107-108, 110-115, 169-176.)  The word mark "CRAIGSLIST" is not within the subject matter of copyright.  17 U.S.C. § 102; *Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700, 721 (9th Cir. 2004) (holding state law trademark claim was not preempted by Copyright Act because "[c]opyright and trademark are related but distinct property rights, evidenced by different federal statutes governing their protection").
Counts Seven, Eight and Nine state claims for breach of contract, inducing breach of contract and intentional interference with contractual relations, respectively, based on violations of provisions of the craigslist terms of use ("TOUs") with no connection to works of authorship.  (*See* FAC ¶ 40 (TOUs prohibit, *inter alia*, repeated posting of the same or similar content; posting the same item in more than one category or geographic area; posting on behalf of others; permitting another to post on a user's behalf; unauthorized access to craigslist's computer systems; using automated devices to post; using automated means to download data; and sending unsolicited email advertisements); *see also id.* ¶¶ 37-41, 79-94, 101-109, 184-214).  Count Ten states a claim for fraud based on Hossain's false representation that he would comply with the TOUs when he intended to and did breach the TOUs by, *inter alia*, using automated devices, posting duplicative

1    ads, posting ads in multiple categories and multiple geographic areas, and otherwise abusing and

2    interfering with the craigslist website and services.  (FAC ¶¶ 37-53, 79-94, 101-105, 116-121,

3    215-226.)  Compliance with such provisions of the TOUs is not within the subject matter of

4    copyright.  *See generally* 17 U.S.C. § 102.

5           Second, the state law claims are not equivalent to the copyright cause.  Each state law

6    claim possesses one or more extra elements that make the rights it protects qualitatively different

7    from the exclusive rights protected by the Copyright Act.  Specifically, Count Four for violation

8    of California Penal Code § 502 is predicated on damage caused by access and use of craigslist

9    computers and factual data (user email addresses), not on the copyright premise of illicitly

10   copying portions of the craigslist website.  (FAC ¶¶ 109, 156–165.)  The unauthorized infiltration

11   and abuse of another's computers and confidential data are qualitatively different elements from

12   illicit copying under the copyright count.  Count Six for trademark infringement under California

13   law, predicated on use of the CRAIGSLIST mark entirely apart from copying of the craigslist

14   website, also requires the qualitatively distinct element of likelihood of confusion, which is not an

15   element of copyright infringement.  *See Nester's Map & Guide Corp. v. Hagstrom Map Co.*, 796

16   F. Supp. 729, 736 (E.D.N.Y. 1992) (holding state trademark infringement claim is not preempted

17   by Copyright Act because it contains the extra element of "confusion on the part of the

18   purchasing public").  Counts Seven, Eight and Nine are all contractual claims based on contract

19   rights not existing under copyright law (repeated posting of content; posting the content in more

20   than one category or geographic area; posting on behalf of others; permitting another to post on a

21   user's behalf; unauthorized access to craigslist's computer systems; using automated devices to

22   post; using automated means to download data; and sending unsolicited email advertisements).

23   (FAC ¶¶ 37-41, 79-94, 101-109, 184-214.)  These counts therefore contain qualitatively different

24   elements from the copyright count.  *JZK, Inc. v. Weaver*, 2006 WL 2988172, at *3-4 (W.D.

25   Wash. Oct. 17, 2006) ("The Ninth Circuit, as have most courts, has held that the Copyright Act

26   does not preempt the enforcement of contract rights," because they include the "extra element" of

27   "an alleged exchange of promises/representations between the parties."); *see also Sharp v.*

28   *Patterson*, No. 03-Cv-8772, 2004 WL 2480426, at *7 (S.D.N.Y. 2004) (holding the breach of

CRAIGSLIST'S OPPOSITION TO
DEFENDANT ROMAN HOSSAIN'S
MOTION TO DISMISS CV-08-5069 SBA

1  contract claim that seeks to vindicate rights, allegedly created by an agreement between the

2  parties, is distinct from copyright law); *Logicom Inclusive, Inc. v. W.P. Stewart & Co.*, No. 04-

3  Cv-0604, 2004 WL 1781009, at *18 (S.D.N.Y. Aug. 10, 2004) (holding that contract claims are

4  "generally not preempted by the Copyright Act," so long as the claim is "based on allegations of a

5  contractual right not existing under copyright law"); *see also Firoozye v. Earthlink Network*, 153

6  F. Supp. 2d 1115, 1127 (N.D. Cal. 2001) ("because many breach of contract claims allege that a

7  defendant breached a promise to pay the plaintiff for its use of the work, the vast majority of

8  contract claims will presumably survive scrutiny under a section 301 preemption analysis")

9  (quotation omitted).[5]  Counts Eight and Nine also include the extra distinct elements of

10  knowledge and intent to induce craigslist users to breach their contract with craigslist and to

11  interfere with or disrupt the contractual relations between craigslist and craigslist users. *Jonathan*

12  *Browning, Inc. v. Venetian Casino Resort, LLC*, No. 07-Cv-3983, 2007 WL 4532214, at *10

13  (N.D. Cal. Dec. 19, 2007) ("[k]nowledge and intent are essential elements of an intentional

14  interference [with contractual relations] claim," and therefore a "claim for intentional interference

15  with contractual relations provides the extra element that is not preempted by federal law")

16  (quotation omitted).  Count Ten for fraud is predicated on Hossain's intentional false

17  representation that he would comply with the TOUs and his violation of explicit contract rights

18  under the TOUs not existing under copyright law (repeated posting of content; posting the content

19  in more than one category or geographic area; posting on behalf of others; permitting another to

20  post on a user's behalf; unauthorized access to craigslist's computer systems; using automated

21  devices to post; using automated means to download data; and sending unsolicited email

22  advertisements).  (FAC ¶¶ 37-41, 79-94, 101-109, 215-226.)  The extra elements of an intentional

23  false representation and violation of rights not existing under copyright make the fraud claim also

24  qualitatively different from the copyright count. *See Valente-Kritzer Video v. Pinckney*, 881 F.2d

25  _____

26  [5] The legislative history to the Copyright Act confirms that contract claims are typically not
preempted:  "In elaborating the meaning of the term 'equivalent rights' the House committee report to the
Copyright Act suggests that breaches of contract were not generally preempted: 'nothing in the bill
derogates from the rights of parties to contract with each other and to sue for breaches of contract.' *See*
27  H.R. REP. No. 94-1476, 94th Cong., 2d Sess. 132, *reprinted in* 1976 U.S.C.C.A.N. 5659, 5748." *Nat'l Car
Rental Sys., Inc. v. Computer Assocs. Int'l, Inc.*, 991 F.2d 426, 433 (8th Cir.), *cert. denied,* 510 U.S. 861
28  (1993).

CRAIGSLIST'S OPPOSITION TO
DEFENDANT ROMAN HOSSAIN'S
MOTION TO DISMISS CV-08-5069 SBA

1   772, 776 (9th Cir. 1989) (holding element of misrepresentation renders fraud claim not

2   substantially equivalent to claim for copyright infringement).

3            Hossain's broad pronouncement of the principle of copyright preemption fails when

4   actually applied to the facts of this case and the FAC.  The FAC's state law causes are based on

5   actions and allegations that are distinct and discrete from the copyright claim in the case; none of

6   the state law claims fall within the subject matter of copyright and none protect rights equivalent

7   to the Copyright Act.  Under proper preemption standards recognized by this Court, the FAC's

8   state law claims are not preempted.[6]

9            **2.       The State Law Claims Are Not Preempted by the Lanham Act**

10           Hossain's hypothetical postulation of what the law should be regarding trademark

11  preemption is wrong.  In the trademark arena, "[s]tate law is preempted only where it provides

12  less protection than the Lanham Act, where it permits federal trademarks to be infringed" or, put

13  differently, the Lanham Act "does not preempt state trademark protection greater than that

14  provided by the Act."  *Plasticolor Molded Products v. Ford Motor Co.*, 713 F. Supp. 1329, 1346

15  (C.D. Cal. 1989), *vacated pursuant to consent judgment*, 767 F. Supp. 1036 (C.D. Cal. 1991).

16  "Otherwise, the states are free to provide forms of protection not included in the Lanham Act."

17  *Id.*; *see also JCW Investments, Inc. v. Novelty, Inc.*, 482 F.3d 910, 919 (7th Cir. 2007) ("In the

18  area of trademark law, preemption is the exception rather than the rule" because the "Lanham Act

19  has not been interpreted as a statute with broad preemptive reach.").  The Ninth Circuit has

20  explicitly held that California's trademark law is not preempted by the Lanham Act.  *Golden*

21  *Door, Inc. v. Odisho*, 646 F.2d 347, 352 (9th Cir. 1980) (holding that § 1115(b) of the Lanham

22  Act "cannot be said to preempt this plaintiff's rights under California law" and that "[b]y

23  extending to federal registrants greater protection than is available under the Lanham Act,

24  California law, like the Act, protects both the public from confusion about the services and

25  products it is receiving and the public relations investment of plaintiff"); *see also Plasticolor*

26

27           [6] This Court, on at least one occasion, has determined that Copyright Act preemption is an
     inappropriate basis for a motion to dismiss.  *Pamfiloff v. Giant Records, Inc.*, No. 91-Cv-1708, 1991 WL
     334916, at *5-6 & n.7 (N.D. Cal. 1991) ("preemption under the Copyright Act cannot be the basis for
28   dismissal under Rule 12(b)(6)").

CRAIGSLIST'S OPPOSITION TO
DEFENDANT ROMAN HOSSAIN'S
MOTION TO DISMISS CV-08-5069 SBA

1   *Molded Products*, 713 F. Supp. at 1346 (holding the Lanham Act does not preempt California's

2   dilution statute).

3        Hossain's reliance on the statement that "[t]he Lanham Act has pre-empted the field of

4   trademark law and controls" from *Mr. Donut of America, Inc. v. Mr. Donut, Inc.*, 418 F.2d 838,

5   844 (9th Cir. 1969), is misplaced or misleading.  That statement was deemed unpersuasive dicta

6   and rejected by the Ninth Circuit nearly thirty years ago.  *Golden Door*, 646 F.2d at 352.

7   **D.    The First Amended Complaint States a Claim Under Each Cause of Action**

8          **1.    The First Amended Complaint States a Claim for Copyright Infringement
                   (First Claim)**

9

10       Hossain argues that the FAC does not state a claim for copyright infringement.  However,

11  to state a claim for copyright infringement, a plaintiff need only show: (1) ownership of a valid

12  copyright; and (2) copying of original elements of the work.  *Feist Publications, Inc. v. Rural Tel.*

13  *Serv. Co.*, 499 U.S. 340, 361 (1991).  The FAC plainly alleges each of these elements in ample

     detail.

14
         As for the first element, the FAC alleges that the "craigslist's website is a work of
15
     authorship protected by copyright law," that "craigslist *owns* all right, title and interest, including
16
     copyrights, in and to its website, including, but not limited to, the post to classifieds, account
17
     registration and account log in expressions and compilations," and that "craigslist has registered
18
     copyrights in its website, including, but not limited to, the post to classifieds, account registration
19
     and account log-in features."  (FAC ¶¶ 67, 68, 70, 126.)  As to the second element, the FAC
20
     clearly and repeatedly alleges that Hossain "accessed and copied the craigslist *website*,"
21
     including, but not limited to, by creating cached copies of the website in development, testing,
22
     implementation, and maintenance of his auto-posting service.  (FAC ¶¶ 97, 98, 99, 100 (emphasis
23
     added); *see also id.* ¶¶ 14, 128, 129, 130.)  *See Ticketmaster LLC v. RMG Technologies, Inc.*, 507
24
     F. Supp. 2d 1096, 1105 (C.D. Cal. 2007) ("The copies of the webpages stored automatically in a
25
     computer's cache or random access memory ("RAM") upon a viewing of the webpage fall within
26
     the Copyright Act's definition of 'copy.'").  Plainly, the FAC states that the craigslist website is
27
     the work infringed.
28

1    Hossain also baldly asserts that the FAC does not allege the prima facie elements of

2    contributory and vicarious copyright infringement although the FAC plainly makes these

3    allegations.  A defendant is contributorily liable for copyright infringement if he knowingly

4    induces, causes or materially contributes to the infringing conduct of another.  *Ellison v.*

5    *Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004).  A defendant is vicariously liable for copyright

6    infringement if he obtains a direct financial benefit from another's infringing activity and has the

7    right and ability to supervise or control the infringing activity.  *Id.*  Here, the FAC clearly alleges

8    that "Defendants obtained direct financial benefit from the infringement and had the right and

9    ability to control the infringing conduct, and/or intentionally induced, encouraged, caused or

10   materially contributed to the infringement."  (FAC ¶ 131.)  This allegation is amply supported by

11   additional factual allegations in the FAC, including Hossain's ability to control the Defendants'

12   websites and activities, his financial benefit from the infringement, and his material contribution

13   to the infringement (*see, e.g.,* FAC ¶¶ 23, 24, 79, 86, 89, 90).

14       Finally, Hossain's convoluted argument that the FAC is required to provide further

15   specificity—including the specific role of each defendant in the infringement, the point in time or

16   time frame of the infringement, the particular aspects of the work that have been infringed, *et*

17   *cetera*—in support of its copyright claims is wrong.  "Copyright claims need not be pled with

18   particularity."  *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 167 F. Supp. 2d 1114, 1120 (C.D. Cal.

19   2001).  Indeed, this Court, referencing *Gee v. CBS, Inc.*, 471 F. Supp. 600, 645 n.24 (E.D. Pa.

20   1979) cited by Hossain, has specifically rejected an attempt to impose a heightened pleading

21   standard for copyright infringement.  *Cinebase Software, Inc. v Media Guaranty Trust, Inc.*, No.

22   98-Cv-1100, 1998 WL 661465, at *5 (N.D. Cal. 1998) ("the Court does not agree with defendant

23   that there is a heightened pleading standard in infringement cases").[7]

---

24       [7] Hossain's reliance on *Calloway v. Marvel Entertainment Group*, No. 82-Cv-8697, 1983 WL
     1141 (S.D.N.Y. 1983) and *Sharp v. Patterson*, No. 03-cv-8772, 2004 WL 2480426 (S.D.N.Y. Nov. 3,
25   2004), are misplaced.  Neither case states the law in the Ninth Circuit.  *See Cinebase Software,*
     1998 WL 661465, at *5 .   The proposition in these New York cases has also been undermined by the
26   Supreme Court's reminder in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), that "Rule 8(a)'s
     simplified pleading standard applies to all civil actions, with limited exceptions" such as Rule 9(b) for
27   averments of fraud or mistake, and that the Supreme Court has "declined to extend such exceptions to
     other contexts."  *See Mid Am. Title Co. v. Kirk*, 991 F.2d 417, 421-22 (7th Cir.1993) (Rule 8 applies in
28   copyright litigation).

CRAIGSLIST'S OPPOSITION TO
DEFENDANT ROMAN HOSSAIN'S
MOTION TO DISMISS CV-08-5069 SBA

**2.     The First Amended Complaint States a Claim for Violation of the Digital Millennium Copyright Act (Second Claim)**

Hossain similarly argues that the FAC's claim under the Digital Millennium Copyright Act (DMCA), 17 U.S.C. § 1201, should fail because the FAC does not include specific details, such as the point in time and roles of the Defendants in the violation, and because the FAC fails to make allegations supporting its DMCA claim.  Hossain's argument here fails for the same reasons as his argument against the FAC's copyright claim.

First, there is no heightened pleading requirement under the DMCA that mandates the detailed allegations demanded by Hossain.  *See supra,* Part IV.C.1.  Indeed, the details that Hossain wants are within his knowledge and control, and can be determined by craigslist only through discovery.

Second, the FAC contains factual allegations supporting all elements of the DMCA claim. The elements necessary to state a claim under the DMCA are: (1) ownership of a valid copyright on a work, (2) effectively controlled or protected by a technological measure, which has been circumvented, (3) that third parties can now access (4) without authorization, in a manner that (5) infringes or facilitates infringing a right protected by the Copyright Act, because of a product, service, device or component that (6) the defendant either (i) designed or produced primarily for circumvention; (ii) made available de-spite only limited commercial significance other than circumvention; or (iii) marketed for use in circumvention of the controlling technological measure.  *See Chamberlain Group, Inc. v. Skylink Technologies, Inc.*, 381 F.3d 1178, 1203 (Fed. Cir. 2004) (listing elements for § 1201(a)(2) claims); *Ticketmaster LLC v. RMG Technologies, Inc.*, 507 F. Supp. 2d 1096, 1112 (C.D. Cal. 2007) (noting that claim under § 1201(b)(1) differs only in that it covers technological measures that protect copyrighted material).[8]

Here, the FAC alleges ownership of valid copyrights in the craigslist website access to which is controlled and protected by technical measures including CAPTCHAs and identification of recurrent IP addresses.  (FAC ¶¶ 67-70, 54-62, 138-39.)  As explained in the FAC, craigslist

---

[8] Section 1201(a)(2) "makes its wrongful to traffic in devices that circumvent technological measures that *control access to protected works*, while 1201(b)(1) makes it wrongful to traffic in devices that circumvent technological measures that *protect rights of a copyright owner in a work*."  *Ticketmaster*, 507 F. Supp. 2d at 1112.

-12-

1   users *must* solve the CAPTCHA before they are able to access the copyright-protected portion of

2   the craigslist website for posting content.  (FAC ¶¶ 50, 58-61.)  Hence, the Defendants' auto-

3   posting services, and the technology, devices, or products they use for the service, enable

4   unauthorized third-party access to the posting portions of the craigslist website by circumventing

5   the CAPTCHAs.  Consequently, as alleged in the FAC, the Defendants circumvent craigslist's

6   technological security measures and knowingly traffic in and market services and products that

7   are primarily designed or produced to enable third parties to circumvent craigslist's technological

8   measures to access copyright-protected portions of the craigslist website without authorization,

9   and that have no or limited other commercial significance.  (FAC ¶¶ 94, 95, 96, 140-43.)

10          Hossain's argument that "the CAPTCHA system does not control the public's access to

11   copyrighted works" has already been rejected.  In *Ticketmaster*, the Central District of California

12   surveyed the requirements of "technological measures" under the DMCA, 17 U.S.C.A.

13   § 1201(a)(3)(B), and concluded not only that, because "CAPTCHA in the ordinary course of its

14   operation, requires the application of information to gain access to the work, it is a technological

15   measure that regulates access to a copyrighted work," but also that "by preventing automated

16   access to the ticket purchase webpage, CAPTCHA prevents users from copying those pages."  *Id.*

17   at 1112.  Thus the court determined that CAPTCHA could serve as a basis for claims under both

18   1201(a)(2)  and 1201(b)(1).  *Id.*

19          Hossain's argument that there is no DMCA violation because third parties do not have

20   access to copyrighted works "because of Defendants' alleged automated devices" and that "the

21   public as a whole has access to Plaintiff's copyrighted works" has been similarly rejected.  The

22   FAC alleges that Defendants' access to the craigslist website violates the TOUs, that Defendants

23   cause third parties to violate the TOUs, and that craigslist implements certain technological

24   measures such as CAPTCHA to protect access to its website, the posting section in particular.

25   (FAC ¶¶ 37-41, 54, 67-70, 85, 90-105.)  *See Ticketmaster*, 507 F. Supp. 2d at 1110, 1112 (the fact

26   that Defendant viewed website in a manner that violated the Terms of Use in order to pursue its

27   own commercial objectives and that its service empower its customers to also violate the Terms

28   of Use was sufficient to show a likelihood of success on the merits of a copyright infringement

40753-0043/LEGAL15442036.3                    -13-

1   claim and defeat challenges to the DMCA claim); *see also Coupons, Inc. v. Stottlemire*, 588 F.

2   Supp. 2d 1069 (N.D. Cal. 2008) (denying motion to dismiss DMCA claim predicated on the

3   argument that the technological measure only controlled access to copyrighted coupons in the

4   first instance but did nothing to control access by third parties who received the coupons from the

5   initial user).

6       **3.    The First Amended Complaint States a Claim for Violation of the Computer
                 Fraud and Abuse Act (Third Claim)**

7

8       Hossain challenges the FAC's claim under the federal Computer Fraud and Abuse Act

9   ("CFAA"), 18 U.S.C. § 1030, on grounds that the claim is not pleaded with particularity and that

10  the FAC does not plead $5,000 in damages to a *single* computer.

11      In reverse order, Hossain's argument that the CFAA $5,000 damage requirement must

12  relate to a single computer is wrong.  In the Ninth Circuit, "the required $5,000 of harm may

13  consist of harm to a computer system, and need not be suffered by just one computer during one

14  particular intrusion."  *Ticketmaster LLC*, 507 F. Supp. 2d at 1113.  *See also Creative

15  Computing v. Getloaded.com LLC*, 386 F.3d 930, 934 (9th Cir. 2004) ("the $5,000 floor applies to

16  how much damage or loss there is to the victim over a one-year period, not from a particular

17  intrusion"); *In re Apple & AT & TM Antitrust Litigation*, 2008 WL 4810067, at *14 (N.D. Cal.

18  Oct. 1, 2008) (allowing aggregation of damages).  The legal authority cited by Hossain consists of

19  non-controlling cases from the Eastern District of Texas.  (*See* Mot. to Dismiss at 24-25.)

20      As to particularity of the FAC's allegations, it is unsettled whether a heightened pleading

21  requirement applies to claims under the CFAA.[9]  However, based on information available to

22  craigslist, the FAC meets even the Rule 9(b) heightened pleading standard.

23  _____

24      [9] There is a disagreement among federal courts as to whether and to what extent Rule 9(b) applies
    to CFAA claims.  For example, the U.S. District Court for the District of Utah has held that Rule 9(b)
25  does not apply to CFAA claims.  *See Zero Down Supply Chain Solutions, Inc. v. Global Transp. Solutions,
    Inc.*, No. 07-Cv-400, 2008 WL 4642975, at *8 (D. Utah Oct. 17, 2008) ("The Moving Defendants have
    cited no case law, nor does the text of the statute itself suggest, that a claim under the FCFAA requires
26  pleading with particularity.  Only one of the subsections on which the Complaint relies even mentions
    fraudulent conduct, and then only an intent to defraud, which may be pleaded generally.  Accordingly, the
27  Court finds that notice pleading is sufficient with regard to Plaintiffs' FCFAA claims.").  This Court has
    previously assumed without discussion the applicability of Rule 9(b) to CFAA claims.  *See Shade v.
28  Gorman*, No. 08-Cv-3471, 2009 WL 196400, at *3 (N.D. Cal. Jan. 28, 2009).

Under Rule 9(b), "[a]verments of fraud must be accompanied by 'the who, what, where, when, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). However, Rule 9(b) does not require a plaintiff "to allege, in detail, all facts supporting each and every instance of [fraud] over a multi-year period." *U.S. ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1051-52 (9th Cir. 2001). Rather, Rule 9(b) is satisfied if the complaint "identifies the circumstances of the alleged fraud so that defendants can prepare an adequate answer." *Warshaw v. Xoma Corp.*, 74 F.3d 955, 960 (9th Cir. 1996) (quotation omitted). Thus, a plaintiff need only "set forth what is false or misleading about a statement and why it is false." *Cooper*, 137 F.3d at 625.

Moreover, Rule 9(b)'s particularity requirements are relaxed "as to matters within the opposing party's knowledge." *Reid-Ashman Mfg, Inc. v. Swanson Semiconductor Service, LLC*, No. C-06-4693, 2007 WL 1394427, at *10 (N.D. Cal. 2007) (quotation omitted); *see also Haltman v. Aura Systems, Inc.*, 844 F. Supp. 544, 547 (C.D. Cal. 1993) ("The Ninth Circuit, however, has relaxed Rule 9(b) 's requirements where, as in cases of corporate fraud, the plaintiffs cannot b expected to have personal knowledge of the facts constituting the wrongdoing." (quotations and citation omitted)).

Here, the FAC alleges the who, what, where, when, and how with sufficient detail to provide Hossain with notice of the claim against him and enable him to respond to the charges. As to who, the FAC alleges that Defendants, including Hossain, engaged in the unauthorized access. (FAC ¶¶ 27, 86, 90, 91, 93.) As to what, the FAC alleges that craigslist's computers, computer servers and computer networks were accessed without authorization. (FAC ¶¶ 37, 38, 40, 79-81, 86-105, 118, 119.) As to where, the FAC alleges that the unauthorized access occurred to craigslist's computers systems in San Francisco, California. (FAC ¶¶ 16, 17, 1928-29.) As to when, the FAC alleges that the unauthorized access occurred every time Defendants accessed the craigslist website hosted on craigslist's computers in violation of the TOUs (including every time Defendants posted ads for third parties) and every time Defendants accessed craigslist's computers to scrape users' email addresses for Defendants' spam. (FAC ¶¶ 81-85, 90, 93-103,

CRAIGSLIST'S OPPOSITION TO
DEFENDANT ROMAN HOSSAIN'S
MOTION TO DISMISS CV-08-5069 SBA

109.) As to how, the FAC alleges that Defendants' unauthorized access occurs by Defendants' access to the craigslist website for use and purposes in violation of the TOUs, and that the access may be facilitated by computer software or other automated devices or programs. (FAC ¶¶ 81, 84, 85, 90, 93-103.) The FAC also alleges that Defendants committed unauthorized access when they accessed craigslist's computers to obtain users' email addresses, and the access may have been executed or facilitated by a computer program designed to obtain user email addresses from craigslist's computers. (FAC ¶¶ 106, 109.) Further details regarding the roles of the Defendants, the timing of each instance of unauthorized access, and the Defendants' methods of unauthorized access are in the Defendants' knowledge, possession and control, and cannot be known to craigslist until discovery has been conducted.

**4.     The First Amended Complaint States a Claim for Violation of California Penal Code Section 502 (Fourth Claim)**

In response to the FAC's claim under California Penal Code ("CPC") § 502, Hossain rehashes his assertion that the FAC alleges "no facts regarding any alleged access of [craigslist's] computers, including when, where and how they were accessed."[10] As explained immediately above, Hossain is wrong. The allegations of the FAC include the who, what, where, when and how of Defendants' access to craigslist's computers without permission. *Supra*, Part IV.D.3.

In sum with respect to the CPC § 502 claim, the FAC alleges that Defendants accessed the craigslist website in contravention of the craigslist TOUs to provide Posting Agent services which harmed craigslist.[11] (FAC ¶¶ 37, 38, 40, 79-81, 86-105, 118, 119.) These allegations are sufficient to state a claim under CPC § 502. *See Facebook, Inc. v. ConnectU LLC*, 489 F. Supp. 2d 1087, 1091 (N.D. Cal. 2007) (denying motion to dismiss where "the FAC alleges facts showing that ConnectU knowingly accessed Facebook's website to collect, copy, and use data found thereon in a manner not authorized or permitted by Facebook").

---

[10] Hossain offers no legal support for his imposition of a heightened pleading standard for CPC § 502 claims. However, the FAC meets even a heightened standard.

[11] Moreover, the FAC alleges that Defendants "have repeatedly and systematically posted thousands of ads on craigslist for third parties" and "in multiple categories and multiple geographic areas" which requires accessing the website and violates the TOUs. (FAC ¶¶ 40, 42-50, 93, 97-100.)

CRAIGSLIST'S OPPOSITION TO DEFENDANT ROMAN HOSSAIN'S MOTION TO DISMISS CV-08-5069 SBA

1    Hossain's conclusory argument regarding Copyright Act preemption of California Penal

2    Code § 502 is addressed in section IV.B. above.

3        **5.     The First Amended Complaint States a Claim for Trademark Infringement
                   under the Lanham Act (Fifth Claim)**
4
5        Hossain's only challenge to the FAC's federal Lanham Act trademark infringement claim

6    is his ongoing contention that he is not alleged to be involved.  However, the FAC very clearly

     alleges that Hossain *is* involved in this infringement.[12]  The FAC alleges that unauthorized use of
7
     the CRAIGSLIST mark in the website domains craigslistadstore.com and
8
     craigslistpromoting.com violates craigslist's trademark rights under the Lanham Act.  (FAC
9
     ¶¶ 100-11, 169, 174, *see also id.* ¶¶ 110-115, 169-79.)  The FAC further specifically alleges that
10
     Hossain is the registrant, administrative, technical and billing contact for these domain names,
11
     and the owner or operator of the websites operated at these domains.  (FAC ¶¶ 23, 27, 86.)
12
         **6.     The First Amended Complaint States a Claim for Trademark Infringement
13               Under California Law (Sixth Claim)**

14       To state a claim for trademark infringement under California common law, a plaintiff

15   need allege only: (1) its prior use of the trademark, and (2) the likelihood of the infringing mark

16   being confused with its mark.  *Wood v. Apodaca*, 375 F. Supp. 2d 942, 947-48 (N.D. Cal. 2005).

17   *See M2 Software, Inc. v. Madacy Entm't*, 421 F.3d 1073, 1080 (9th Cir. 2005) (The test of

18   trademark infringement under state, federal, and common law is whether there will be a

19   likelihood of confusion.).  Here, the FAC alleges prior use of the CRAIGSLIST trademark dating

20   back to 1995.  (FAC ¶¶ 71-78, 181.)  The FAC also alleges a likelihood of the Defendants'

21   infringing marks (the domains craigslistpromoting.com and craigslistadstore.com) being confused

22   with the CRAIGSLIST mark.  (FAC ¶ 86, 110-115, 171, 182.)  Nothing more is required.

23   Hossain's argument that the FAC fails to state a California trademark claim is frivolous.[13]

24

25   _____

26   [12] Hossain's assertion that the email included as an example of Defendants' spam in ¶ 108 shows
     that Hossain was not involved in trademark infringement because "it is clear this email was sent by
27   Defendant Jake Carter" is odd and unhelpful.  The email includes no reference to "Jake Carter."  (FAC
     ¶ 108.)
28   [13] Hossain's additional arguments regarding the Lanham Act and preemption are addressed *supra*,
     Parts IV.C. and IV.D.6.

7.    **The First Amended Complaint States a Claim for Breach of Contract (Seventh Claim)**

In order to state a claim for breach of contract, a plaintiff must allege (1) the existence of a contract; (2) plaintiff's performance or excuse for nonperformance, thereunder; (3) defendant's breach; and (4) resulting damages to plaintiff.[14]   *Careau & Co. v. Security Pacific Business Credit, Inc.*, 222 Cal. App. 3d 1371, 1388 (Cal. App. 1990).   Website terms of use (TOUs) constitute valid and enforceable contracts, and use of the website establishes assent to the terms of use.   *See Molnar v. 1-800-Flowers.com, Inc.*, No. 08-Cv-0542, 2008 WL 4772125, at *7 (C.D. Cal. Sept. 29, 2008) (denying motion to dismiss breach of contract claim because "courts have held that a party's use of a website may be sufficient to give rise to an inference of assent to the Terms of Use contained therein"); *Ticketmaster LLC v. RMG Technologies, Inc.*, 507 F. Supp. 2d 1096, 1107 (C.D. Cal. 2007) (granting preliminary injunction for breach of contract claim based on use of website outside the terms of use); *Hotmail Corp. v. Van$ Money Pie Inc.*,  Nos. C-98 & C 98-20064, 1998 WL 388389, at **2, 6 (N.D. Cal. 1998) (same).   These elements are clearly met on the face of the FAC.

The FAC's general factual allegations state that craigslist's services and website are governed by TOUs which are posted on the craigslist website, and users must affirmatively accept the TOUs to post ads on craigslist and to create an account on craigslist.  (FAC ¶ 37.)  The FAC further alleges that the TOUs grant users a limited, revocable, nonexclusive license to access the craigslist website and use craigslist's services and that the license limits the authorized uses of the website and services, and identifies types of uses that are not allowed.  (FAC ¶ 38.)  The FAC also lays out several of the TOUs' relevant provisions, and a copy of the TOUs was attached to the FAC as Exhibit A.  (FAC ¶¶ 39-41.)  Defendants, including Hossain, are alleged to have been required to affirmatively agree to and accept, and did affirmatively agree to and accept, craigslist's TOUs at one or more times when they accessed the craigslist website and ad posting services.  (FAC ¶ 101.)  Further, the FAC alleges that Defendants repeatedly and systematically

---

[14] There is no authority for Hossain's proposition that a plaintiff must plead specific details of the time of formation, form of the contract, time of breach, or the existence of multiple contracts to state a claim for breach of contract.  This is simply another attempt by Hossain to impose an impermissible heightened pleading standard on craigslist.

CRAIGSLIST'S OPPOSITION TO
DEFENDANT ROMAN HOSSAIN'S
MOTION TO DISMISS CV-08-5069 SBA

posted thousands of ads on craigslist for third parties in violation of the TOUs.  (FAC ¶¶ 79-81, 93.)

The FAC's specific breach of contract allegations further state that the Defendants repeatedly accessed craigslist and agreed to the TOUs not only by using the website, but also affirmatively clicking ACCEPT the terms of use option when setting up accounts and posting ads on the website, and that such TOUs were binding on Defendants.  (FAC ¶¶ 189-193.)  Plaintiff also alleges that Defendant's actions have willfully, repeatedly and systematically breached the TOUs,[15] while craigslist has performed all conditions, covenants, and promises required to be performed by it in accordance with the TOUs.  (FAC ¶¶ 194, 195.)  Finally, Plaintiff alleged that Defendants' conduct has damaged craigslist, and caused and continues to cause irreparable and incalculable harm and injury to craigslist.  (FAC ¶ 196.)

The FAC more than adequately sets forth sufficient allegations to state a claim for breach of contract.[16]

### 8. The First Amended Complaint States a Claim for Inducing Breach of Contract (Eighth Claim) and for Intentional Interference with Contractual Relations (Ninth Claim)

Under California law, the elements of intentional interference with contractual relations are: (1) a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of this contract; (3) intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual interference with or disruption of the relationship; and (5) resulting damage.  *Online Policy Group v. Diebold, Inc.*, 337 F. Supp. 2d 1195, 1205 (N.D. Cal. 2004); *see also Maxim Integrated Products, Inc. v. Analog Devices, Inc.*, 79 F.3d 1153, 1996 WL 117425, at *2 (9th Cir. 1996); *Shamblin v. Berge*, 166 Cal. App. 3d 118, 122-123 (Cal. Ct. App. 1985).  The elements for inducing a breach of contract are: (1) the plaintiff had a valid and existing contract with a third party; (2) the defendant had knowledge of the contract and intended to induce its

---

[15] Hossain's argument that the FAC appears to allege that the contract was breached while it was being entered into misses the mark.  Such an understanding is consistent with the FAC's claim for promissory fraud discussed below.  It does not preclude the assertion of a claim for breach of the underlying contract in the complaint.  *See Ticketmaster LLC*, 2007 WL 2989504, at* 3 (plaintiff may plead a claim both for breach of contract and promissory fraud).

[16] Hossain's reiterated preemption argument is addresses *supra*, Part IV.C.

CRAIGSLIST'S OPPOSITION TO DEFENDANT ROMAN HOSSAIN'S MOTION TO DISMISS CV-08-5069 SBA

1   breach; (3) the contract was in fact breached by the contracting party; (4) the breach was caused

2   by the defendant's unjustified or wrongful conduct; and (5) damages were suffered as a result.

3   *Shamblin v. Berge*, 166 Cal. App. 3d at 122-123.  "[W]hile the tort of inducing breach of contract

4   requires proof of a breach, the cause of action for interference with contractual relations is distinct

5   and requires only proof of interference." *Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50

6   Cal.3d 1118, 1129-1130 (Cal. 1990).  The FAC clearly alleges each element of these claims.

7   (FAC ¶¶ 198-214.)  In response to Hossain's argument that these claims fail for the same reasons

8   as the FAC's breach of contract claim, craigslist's refers to its prior response, *supra*, Part IV.D.8.,

9   to this argument.

10          Hossain's only direct challenge to the claims for intentional interference with contract and

11   inducing breach of contract is that neither claim specifically states the identity of the third parties.

12   However, Hossain provides no legal authority to support such a requirement.  The elements of the

13   claims only require that Plaintiff allege a contractual relationship "with a third party," and

14   contract-based claims are not subject to a heightened pleading standard.  *See Sebastian Intern.,*

15   *Inc. v. Russolillo*, 162 F.Supp.2d 1198, 1203 (C.D. Cal. 2001) ("in order to satisfy the second

16   element of this tort under California law, the Plaintiff does not have to identify the specific

17   contractual relations which have allegedly been disrupted"); *Catch Curve, Inc. v. Venali, Inc.*, 519

18   F.Supp.2d 1028, 1039-40 (C.D. Cal. 2007) (denying motion to dismiss intentional interference

19   with business relationship claim where plaintiff "did not identify the particular contract(s) with

20   which Catch Curve allegedly interfered"); *Ramona Manor Convalescent Hosp. v. Care*

21   *Enterprises*, 177 Cal.App.3d 1120, 1133 (Cal. Ct. App. 1986) ("The rule does not require . . . that

22   the person who loses the performance of the contract as a result of the conduct of the actor shall

23   be specifically mentioned by name. It is sufficient that he is identified in some manner").

24          Further, the FAC did identify by category the third-party contracts at issue: craigslist's

25   TOUs with craigslist users.  (FAC ¶¶ 199, 200, 208, 209.)  Defendants, including Hossain, are

26   alleged to have interfered with these contracts with craigslist users or to have induced users to

27   breach of the TOUs by soliciting users to use Defendants' auto-posting services in violation of the

28   TOUs.  (FAC ¶¶ 79, 81, 90, 93, 105, 202.)  Further information about the identity of craigslist

CRAIGSLIST'S OPPOSITION TO
DEFENDANT ROMAN HOSSAIN'S
MOTION TO DISMISS CV-08-5069 SBA

1   users that Defendants interfered with and induced to breach the TOUs is in Defendants' customer

2   records in Defendants' possession.[17]

3   **9.     The First Amended Complaint States a Claim for Fraud (Tenth Claim)**

4   "Under California law, the indispensable elements of a fraud claim include a false

5   representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages."

6   *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003) (quotation and citation

7   omitted).  Hossain does not challenge that these elements have been pled in general, but argues

8   that they have not been plead with sufficient particularity to satisfy Rule 9(b).  The requirement to

9   plead with particularity is however relaxed when necessary information is in the defendant's

10   possession.  *Supra*, Part IV.D.3.

11   Here, the FAC pleads all the elements of fraud with all particularity possible absent

12   evidence that is in Defendants' possession.  The FAC alleges the contents of the

13   misrepresentations – these are Defendants' statements that they would comply with the TOUs

14   when they had no intention of complying.  (FAC ¶¶ 102, 216-218.)  The FAC alleges the times of

15   the misrepresentations – the times are each time Defendants assented to the TOUs either by

16   clicking the "ACCEPT terms of use" option or by using the website.  (FAC ¶¶ 216-218.)  The

17   FAC alleges the locations of the misrepresentations – these are the craigslist website.  (FAC

18   ¶¶ 216-218.)  Finally, the FAC alleges the parties to the misrepresentations – they are craigslist

19   and the Defendants.  (FAC ¶¶ 216-218.)  Based on the information available to craigslist pre-

20   discovery, the FAC pleads fraud with sufficient particularity under Rule 9(b) to overcome

21   Hossain's motion to dismiss.  Hossain has ample information to formulate an answer to the FAC.

22   *See Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir.1993) (a "pleading is sufficient under Rule

23   9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an

24   adequate answer from the allegations") (quotation omitted).[18]

25

26

27

28

---

[17] Hossain's reiterated preemption argument is addresses *supra*, Part IV.B.
[18] Hossain's reiterated preemption argument is addresses *supra*, Part IV.B.

10.    **The Claims for Violation of CAN-SPAM (Eleventh Claim) and the California Business and Professions Code (Twelfth Claim) Are Withdrawn Without Prejudice**

Plaintiff voluntarily withdraws its Eleventh and Twelfth Claims for violations of the CAN-SPAM and California Business and Professions Code without prejudice, reserving the right to reassert such claims pending discovery in this matter.  Plaintiff will amend the FAC to remove these claims on stipulation or by motion to the Court.

E.    **Hossain's Alternative Request for a More Definite Statement Is Frivolous**

"Motions for a more definite statement are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal.1996) (citing *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal.1994)).  A Rule 12(e) motion for a more definite statement must be considered in light of the liberal pleading standards of Rule 8(a) in federal court.  *Id*.  Under the liberal pleading standards, "pleadings in the federal courts are only required to fairly notify the opposing party of the nature of the claim." *A.G. Edwards & Sons, Inc. v. Smith*, 736 F. Supp. 1030, 1032 (D. Ariz. 1989).  Consequently, Rule 12(e) motions must be denied unless a complaint is so unintelligible that the defendant cannot ascertain the nature of the claim being asserted, meaning the complaint is so vague that the defendant cannot begin to frame a response.  *See San Bernardino Pub. Employees Ass'n v. Stout*, 946 F. Supp. 790, 804 (C.D. Cal.1996); *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal.1981); *Boxall v. Sequoia Union High Sch. Dist.*, 464 F. Supp. 1104, 1114 (N.D. Cal.1979).  Moreover, a Rule 12(e) motion should be denied if the detail sought by the motion is obtainable through discovery.  *Davison v. Santa Barbara High Sch. Dist.*, 48 F. Supp. 2d 1225, 1228 (C.D. Cal.1998).

Plaintiff's FAC provides sufficient detail to notify defendants of the substance of the claims asserted and to allow it to frame a response.  Any further details are either in Defendants' possession or are obtainable through discovery.  Thus, Hossain's motion for a more definite statement should be denied.

V.    **CONCLUSION**

CRAIGSLIST'S OPPOSITION TO
DEFENDANT ROMAN HOSSAIN'S
MOTION TO DISMISS CV-08-5069 SBA

1    Based on the foregoing, craigslist respectfully requests that the Court deny Defendant

2  Hossain's motion to dismiss and motion for a more definite statement in their entirety.

3

4  DATED:  March 10, 2009                **PERKINS COIE LLP**

5

6                                        By: *s/ Elizabeth L. McDougall*
                                            Brian Hennessy (SBN 226721)
7                                            BHennessy@perkinscoie.com
                                            Elizabeth L. McDougall (WA Bar No.
8                                            27026)
                                            EMcDougall@perkinscoie.com
9
                                         Attorneys for Plaintiff
10                                        craigslist, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28