Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
**Kazerouni Law Group**
7545 Irvine Center Dr., Suite 200
Irvine, CA 92618
Telephone: (949) 623-8632
Facsimile: (949) 596-0472

Attorneys for the Defendant
Roman Hossain

HYDE & SWIGART
San Diego, California

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| craigslist, Inc., a Delaware corporation<br><br>Plaintiff,<br>v.<br><br>Autoposterpro, Inc., PostingExperts, Inc., Roman Hossain, John Doe d/b/a craigslistadsstore.com and craigslistpromoting.com, and Does 2 through 25, inclusive,<br><br>Defendants. | **Case Number: CV-08-5069 SBA**<br><br>**Defendant Roman Hossain's Reply to craigslist's Opposition to to Defendant Roman Hossain's Motion to Dismiss**<br><br>**Hearing Date:** March 31, 2009<br>**Hearing Time:** 1:00 p.m.<br>**Crtm:** Courtroom 3, 3rd Floor<br>**Hon.:** Saundra B. Armstrong |
|---|---|

## TABLE OF CONTENTS

I. INTRODUCTION .......... 1

II. PLAINTIFF HAS FAILED TO SUFFICIENTLY PLEAD ANY OF ITS CAUSES OF ACTION AGAINST ROMAN HOSSAIN UNDER RULE 8(a)(2) .......... 2

A. PLAINTIFF HAS FAILED TO ADEQUATELY ALLEGE THAT HOSSAIN OWNS, OPERATES OR CONTROLS AUTOPOSTERPRO.COM, POSTINGEXPERTS.COM, CRAIGSLISTADSSTORE.COM, AND CRAIGSLISTPROMOTING.COM WEBSITES .......... 4

B. PLAINTIFF'S FAC FAILS TO PIERCE THE CORPORATE VEIL .......... 5

C. The FAC Does Not State a Valid Claim For COPYRIGHT INFRINGEMENT (FIRST CLAIM) .......... 6

D. THE FAC DOES NOT STATE A CLAIM FOR VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (SECOND CLAIM) .......... 7

E. THE FAC DOES NOT STATE A CLAIM FOR TRADEMARK INFRINGEMENT UNDER THE LANTHAM ACT (FIFTH CLAIM), NOR DOES IT STATE A CLAIM FOR TRADEMARK INFRINGEMENT UNDER CALIFORNIA LAW (SIXTH CLAIM) .......... 8

F. THE FAC DOES NOT STATE A CLAIM FOR BREACH OF CONTRACT (SEVENTH CLAIM), NOR DOES IT STATE A CLAIM FOR INDUCING BREACH OF CONTRACT (EIGHTH CLAIM), NOR INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS (NINTH CLAIM) .......... 8

III. THE FAC DOES NOT STATE A CLAIM FOR RELIEF FOR ANY OF ITS CAUSES OF ACTION GROUNDED IN FRAUD - PLAINTIFF'S THIRD AND TENTH CLAIMS FOR RELIEF .......... 9

HYDE & SWIGART
San Diego, California

A. THE FAC DOES NOT STATE A CLAIM FOR VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT (THIRD CLAIM)....................11

IV. CONCLUSION....................14

## TABLE OF AUTHORITIES

### STATUTES

**Federal Statutes**

18 U.S.C. § 1030....................13

Fed. R. Civ. P. 8(a)(2)....................passim

Fed. R. Civ. P. 9(b)....................passim

### CASES

**Federal**

*Arikat v. JP Morgan Chase & Co.*, No. C06-00330, 2006 WL 3086702 (N.D. Cal. 2006)....................passim

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)....................1, 11

*Bespaq Corp. v. Haoshen Trading Co.*, No. C 04-3698 2005 WL 14841 (N.D. Cal. 2005)....................6

*Cinebase Software, Inc. v. Media Guaranty Trust, Inc.*, No. C98-1100, 1998 WL 661465 (N.D. Cal. 1998)....................7

*ConWest Resources, Inc. v. Playtime Novelties, Inc.*, No. C 06-5304, 2006 WL 3346226 (N. D. Cal. 2006)....................5

*Four Navy Seals & Jane Doe v. AP*, 413 F. Supp. 2d 1136 (S.D. Cal. 2005)....................7

*Gauvin v. Trombatore,* 682 F.Supp. 1067 (N.D. Cal. 1988)....................passim

*Haltman v. Aura Systems, Inc.*, 844 F. Supp. 544 (C.D. Cal. 1993)....................9, 10

*Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143 (9th Cir. 2004)....................5

HYDE & SWIGART
San Diego, California

*Moore v. Kayport Package Exp., Inc.*, 885 F.2d. 531 (9th Cir. 1989)....................9

*Moreno v. S.J. Weaver Contracting, Inc.*, No. C-04-4699, 2006 WL 2329463 (N.D. Cal. 2006)....................6

*Register.com v. Verio, Inc.*, 126 F. Supp. 2d 238 (S.D.N.Y. 2000)....................13

*Reid-Ashman Mfg., Inc v. Swanson Semiconductor Service, LLC,* No. C-06-4693, 2007 WL 1394427, (N.D. Cal. 2007)....................9

*Semegen v. Weidner,* 780 F.2d 727 (9th Cir. 1985)....................9

*Seymour v. Hull & Moreland Eng'g,* 605 F.2d 1105 (9th Cir. 1979)....................5

*Shade v. Gorman*, No. 08-Cv-3471, 2009 WL 196400 (N.D. Cal. Jan. 28, 2009)....................11

*TicketMaster LLC v. RMG Technologies, Inc.*, 507 F. Supp. 2d 1096 (C.D. Cal. 2007)....................13

*Towe Antique Ford Found. v. IRS,* 999 F.2d 1387 (9th Cir. 1993)....................5

*U.S. v. Cathcart*, No. C 07-4762, 2008 WL 4279717 (N.D. Cal. 2008)....................9

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003)....................10

*Wool v. Tandem Computers, Inc.*, 818 F.2d 1433 (9th Cir.1987)....................10

///
///
///

HYDE & SWIGART
San Diego, California

## I.

## INTRODUCTION

Since the commencement of this litigation, Defendant Roman Hossain ("Defendant") has posited that Plaintiff craigslist, Inc., a Delaware corporation ("Plaintiff") has failed to conduct any kind of reasonable investigation prior to the commencement of this action. This position is supported by the fact that Plaintiff's can not, and despite their arguments in their Opposition to Defendant Roman Hossain's Motion to Dismiss ("Plaintiff's Opposition")[1], have not pled any facts indicating that Roman Hossain, as oppose to any other individual or entity, known or unknown at this time, is responsible for Plaintiff's asserted causes of action.

Plaintiff's Opposition cites authorities that specifically supports dismissal of their claims against Roman Hossain. Plaintiff cited *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for the propositions that a complaint must contain "more than labels and conclusions, and a formalistic recitation of the elements of a cause of action will not do," and that a plaintiff's factual allegations need to "be enough to raise a right to relief above the speculative level." (Plaintiff's Opposition, page 2, lines 10-15). This is precisely what Plaintiff has failed to do.

As demonstrated by Plaintiff's unqualified use of the term "Defendants," as a means of referring collectively to up to twenty-nine defendants, Plaintiff's First Amended Complaint ("FAC") clearly shows that Plaintiff has no idea who has committed what wrong, if any, and instead attempts to assert that all of the named and unnamed defendants are liable to Plaintiff for each and every averment in Plaintiff's FAC. As is discussed below, the Northern District of California has rejected such vague and ambiguous forms of pleading, and found such pleading defects sufficient in finding that the pleading party had failed to state a claim for which relief can be granted. Further, virtually all of Plaintiff's averments rely on Plaintiff's "information and belief," however, Plaintiff fails to provide any factual allegations that would warrant such information and belief.

One of the overriding themes of Plaintiff's Opposition, as well as a prevalent defect of Plaintiff's FAC, is that Plaintiff assumes that Rule 8(a)(2) of the Federal Rules of Civil Procedure

[1] While Defendant Hossain does not intend to make a point of this again outside of this footnote, it should be noted that Plaintiff filed their Opposition a day late as required by the Local Rules of Court in the Northern District of California.

HYDE & SWIGART
San Diego, California

requires a lesser standard of pleading than is actually called for by the Rule. Plaintiff has repeatedly asserted in its Opposition that Defendant Hossain is attempting to impose a heightened pleading standard. This is simply untrue. At no point in Defendant Hossain's Motion to Dismiss did he state that Plaintiff was required to comply with heightened pleading standards except for those allegations that are grounded in fraud. Defendant did, and continues to submit that Plaintiff is still required to meet, and has not met, the minimal pleading requirements of Federal Rule of Civil Procedure Rule 8(a)(2) ("Rule 8(a)(2)"). Both parties have previously cited all the relevant law regarding minimal pleading thresholds. Plaintiff would submit that it is not required to say which defendant caused what harm. Plaintiff assumes it can lump together twenty-nine defendants, make absolutely not factual averments tending to show there is some form of commonality or enterprise among them, and merely say that all, one, or some combination thereof of these defendants caused all, some, none, or some combination thereof of Plaintiff's harm. The arguments Plaintiff postulates are simply inaccurate.

It is impossible to overlook the fact that the vagueness of Plaintiff's complaint makes the nature of their claims difficult to divine, and certainly makes the complaint difficult to respond to. To say that Plaintiff's drafting is infelicitous puts matters too kindly. Plaintiff's generalized complaint is wholly devoid of any factual substance and is cumbersome almost to the point of abusiveness.

HYDE & SWIGART
San Diego, California

## II.
## PLAINTIFF HAS FAILED TO SUFFICIENTLY PLEAD ANY OF ITS CAUSES OF ACTION AGAINST ROMAN HOSSAIN UNDER RULE 8(a)(2)

As a preliminary matter, Roman Hossain vehemently denies owning, operating, or controlling the autoposterpro.com, postingexperts.com, craigslistadsstore.com, and craigslistpromoting.com websites. Despite Plaintiff's contention that "[t]he FAC is unequivocal that Hossain ... owned or operated the websites responsible for the unlawful auto-posting services described in the FAC" (Plaintiff's Opposition, Page 3, lines 9-12), such an argument is not supported by Plaintiff's FAC.

Plaintiff's pleading does not sufficiently state, or give notice of its claims against Defendant Hossain merely by lumping Hossain in with up to twenty-nine other possible

defendants, and merely alleging that one, all, or some combination thereof is responsible for each and every allegation made by Plaintiff's FAC, or that one, all, or some combination thereof owned or operated autoposterpro.com, postingexperts.com, craigslistadsstore.com, and craigslistpromoting.com websites. This Court has previously stated that "where allegations are made against multiple defendants, 'plaintiff must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement of the claim to put defendants on sufficient notice of the allegations against them,'" and that when "allegations were ascribed to defendants *collectively* rather than to individual defendants," the pleading is insufficient [emphasis added]. *Arikat v. JP Morgan Chase & Co.*, No. C 06-00330, 2006 WL 3086702 * 2 (N.D. Cal. 2006); *See also Gauvin v. Trombatore,* 682 F.Supp. 1067, 171 (N.D. Cal. 1988) (Holding that the plaintiff had failed to state a claim for which relief can be granted because "Plaintiff has not stated with any specificity how each private defendant allegedly deprived him of a right secured by the Constitution or laws of the United States. Instead, *all defendants are lumped together in a single, broad allegation...* Plaintiff must allege the basis of his claim against *each defendant* to satisfy Federal Rule of Civil Procedure 8(a)(2)"). [emphasis added]

Plaintiff repeatedly asserts that Defendant Hossain is attempting to impose a heightened pleading standard for causes of action that are not grounded in fraud. (*See* e.g., Plaintiff's Opposition, page 11, lines 21, 21). This is simply not true. Defendant Hossain is asserting that not only has Plaintiff failed to meet this heightened pleading standard in regards to its claims grounded in fraud, but that every other cause of action does not even meet the minimal pleading requirements of Rule 8(a)(2). As discussed above, this is because Plaintiff has referred to twenty-nine defendants as though they were one defendant engaged in each and every alleged averment. This Court has found such pleading defects to violate Rule 8(a)(2) and was subsequently grounds finding that the pleading party had failed to state a claim for which relief can be granted. *Arikat, supra*; *Gauvin, supra.*

///

HYDE & SWIGART
San Diego, California

**A. PLAINTIFF HAS FAILED TO ADEQUATELY ALLEGE THAT HOSSAIN OWNS, OPERATES OR CONTROLS AUTOPOSTERPRO.COM, POSTINGEXPERTS.COM, CRAIGSLISTADSSTORE.COM, AND CRAIGSLISTPROMOTING.COM WEBSITES**

Plaintiff's assertion the "FAC is unequivocal that Hossain ... owned and operated the websites responsible for the unlawful auto-posting services," is a blatant falsity. Plaintiff attempts to justify this assertion by stating since they have pled that Hossain and twenty-nine other defendants are collectively referred to as "Defendants," and that since they have asserted that "Defendants" (with no specific reference to Hossain) owned or operated the autoposterpro.com, postingexperts.com, craigslistadsstore.com, and craigslistpromoting.com websites, that somehow their FAC is "unequivocal" that Hossain owned and operated the above-referenced websites and companies. Surly, Plaintiff is not intending to say that defendant craigslistpromoting.com owns or operates autoposterpro.com, postingexperts.com, and craigslistadsstore.com. But based on Plaintiff's interpretation of its FAC, Plaintiff has been "unequivocal" in so asserting. It is pleadings such as this, that contain numerous defendants and causes of action, and yet collectively refer to multiple defendants as though they were one, committing each and every alleged averment, that has caused this Court in the past to reject multiple count complaints with multiple defendants. *See Arikat, supra*; *Gauvin, supra.*

Further detracting from Plaintiff's argument that they have been "unequivocal" in asserting Defendant Hossain owns or operates the above-referenced entities can easily be seen on the face of their FAC. In paragraphs 25 and 26 of Plaintiff's FAC, Plaintiff specifically states which defendants they believe are persons or entities responsible in whole or in part for the wrongdoing alleged in their complaint. In paragraph 25 of the FAC, Plaintiff asserts that "Defendant John Doe d/b/a craigslistadsstore.com and craigslistpromoting.com is a person or entity responsible in whole or in part for the wrongdoing alleged herein." In paragraph 26 of the FAC, Plaintiff states that Does 2-25 are persons or entities responsible in whole or in part for the wrongdoing alleged herein." Curiously, Plaintiff did not say that Roman Hossain was responsible in whole or in part for any of Plaintiff's alleged averments. Plaintiff's only reply to the undeniable fact that Plaintiff has not in fact alleged any wrongdoings attributable to Roman Hossain specifically, is that since they eventually said that Roman Hossain is one of twenty-nine defendants, and that the defendants engaged in wrongdoings, that Plaintiff has sufficiently pled

HYDE & SWIGART
San Diego, California

that Roman Hossain has engaged in each and every wrongdoing Plaintiff has alleged. This argument not only lacks legal authority, but it defies what common sense would dictate in providing notice to, an apprising defendants of the nature of the claims against them.

### B. PLAINTIFF'S FAC FAILS TO PIERCE THE CORPORATE VEIL

Plaintiff's FAC and Opposition is unclear as to whether Roman Hossain is being sued in his individual capacity. Plaintiff states in its Opposition that "[t]here is no allegation that Hossain is an employee, officer, director or agent of any corporate defendant that could afford him limited liability protection." (Plaintiffs Opposition, page 4, lines 1-2). But Plaintiff can not have it both ways. As Plaintiff has put it, since Plaintiff has "unequivocally" pled that Defendant Hossain owns and operates autoposterpro.com, postingexperts.com, craigslistadsstore.com, and craigslistpromoting.com websites, than surly he would be, at the very least, an agent of defendants Autoposterpro, Inc., and PostingExperts, Inc., two corporate defendants that could afford him limited liability protection. This pleading defect is just another example of Plaintiff's lack of facts and information necessary to in good faith bring this action.

The alter ego doctrine is generally applied by courts to "pierce the corporate veil" and hold an individual liable for a business entity's wrongdoing or debts. *Towe Antique Ford Found. v. IRS,* 999 F.2d 1387, 1390 (9th Cir. 1993). Even assuming, arguendo, that Roman Hossain was in fact the owner, operator or control person of the subject corporations, Plaintiff has failed to allege any facts indicating an "alter ego" theory of liability or any averments that would justify "piercing the corporate veil." "Piercing the corporate veil," and finding that corporations are alter egos, as Plaintiff would have the Court do, is "the rare exception," and "the mere fact of sole ownership and control does not eviscerate the separate corporate identity that is the foundation of corporate law." *Katzir's Floor & Home Design, Inc. v. M-MLS.com,* 394 F.3d 1143, 1149 (9th Cir. 2004); *ConWest Resources, Inc. v. Playtime Novelties, Inc.*, No. C 06-5304, 2006 WL 3346226 (ND. Cal. 2006). In deciding whether to pierce the corporate veil, the Court considers three factors: (1) the amount of respect given to the separate identity of the corporation by its shareholders, (2) the degree of injustice visited on the litigants by recognition of the corporate entity, and (3) the fraudulent intent of the incorporators. *See Seymour v. Hull & Moreland Eng'g,*

HYDE & SWIGART
San Diego, California

605 F.2d 1105, 1111 (9th Cir. 1979)); *Moreno v. S.J. Weaver Contracting, Inc.*, No. C-04-4699, 2006 WL 2329463 (N.D. Cal. 2006). Plaintiff's FAC contains no "veil piercing" allegations. For example, Plaintiff does not allege that Autoposterpro, Inc., and PostingExperts, Inc., corporate identity was not maintained, that any injustice would result by maintaining separate recognition of the corporate entity, or that Roman Hossain possessed fraudulent intentions when forming any of the subject corporations. Plaintiff has not pled any allegations that would permit a finding that piercing the corporate veil and holding Hossain directly liable for any of Plaintiff's many causes of action will "prevent fraud" or some other injustice, or that "specific, unusual circumstances" require an exception here. Plaintiff has failed its pleading burden to allege that Roman Hossain should be held liable for the actions of the other corporate defendants.

## C. THE FAC DOES NOT STATE A VALID CLAIM FOR COPYRIGHT INFRINGEMENT (FIRST CLAIM)

As is consistent with much of the language in Plaintiff's Opposition, Plaintiff asserts that Defendant Hossain is attempting to impose heightened pleading standards for their Copyright claim, when the truth of the matter is that Defendant Hossain is merely asserting that Plaintiff has failed to meet the minimal pleading standards of Rule 8(a)(2). Plaintiff is correct in asserting that to state a valid copyright claim, a plaintiff need only show (1) ownership of a valid copyright; and (2) copying of original elements of work. However, Plaintiff misconstrues what the second element, copying of original elements of work, entails in respect to the minimal pleading requirements under Rule 8(a)(2). Plaintiff appears to interpret this second element as meaning that they can simply state that defendants have infringed on copyrighted works, without stating which copyrighted works were infringed.[2]

Contrary to Plaintiff's beliefs, this Court, as well as many other federal courts in California do in fact require that plaintiffs plead which copyrighted works have been infringed. *See generally Bespaq Corp. v. Haoshen Trading Co.*, No. C 04-3698, 2005 WL 14841 (N.D. Cal. 2005) (Granted a motion for a more definite statement because the plaintiff did not identify which copyrighted works were infringed by defendants, therefore, on the face of the complaint, the court

[2] Plaintiff's assertion that they were not required to allege which copyrighted materials were violated, as oppose to even attempting to assert that they did in fact identify the subject copyrighted materials, is very indicative that they failed to meet this pleading requirement.

could not determine whether or which of the copyrighted materials were at issue in the lawsuit, and held that the complaint was too vague, even under minimal pleading standards of Rule 8(a)(2), thus justifying granting the motion for a more definite statement); *Four Navy Seals & Jane Doe v. AP*, 413 F. Supp. 2d 1136, 1148 (S.D. Cal. 2005)(Court granted a motion for a more definite statement because the complaint did not identify exactly which works defendants infringed, which was insufficient to meet the minimal pleading standards of Rule 8(a)(2)).

Plaintiff cites *Cinebase Software, Inc. v. Media Guaranty Trust, Inc.*, No. C 98-1100, 1998 WL 661465 (N.D. Cal. 1998) to support its position that it does not need to identify the copyrighted works at issue under Rule 8(a)(2). However, the facts of *Cinebase* do not support such a proposition. In *Cinebase,* the issue was not that the Plaintiff had failed to identify *their* copyright works that had been infringed, but whether the Plaintiff was required to identify what product the defendant created that infringed the copyright work. *Id.* at 5. In *Cinebase*, Plaintiff was clear which copyrights were being infringed, and the court found that that was sufficient to comply with Rule 8(a)(2). *Id.* at 5. However, contrary to Plaintiff's beliefs, this Court, as well as many other courts hold that a properly pleaded copyright claim must identify the copyrighted works at issue. Even the liberal pleading requirements of Rule 8(a)(2) do not permit Plaintiff to simply assert that they have various copyrights, and that "Defendant" violated Plaintiff's copyrights, without providing which of Plaintiff's copyrights were allegedly violated.

Aside from the fact that Plaintiff has failed to meet the minimal pleading burden of Rule 8(a)(2) by failing to identify the copyrighted works at issue, Plaintiff further failed to meet this burden by collectively referring to twenty-nine defendants as "Defendant," and say that one, all, or some combination of them engaged in a certain activity, without providing which defendant is being accused of which action. *See Supra,* Part II.

### D. THE FAC DOES NOT STATE A CLAIM FOR VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (SECOND CLAIM)

Plaintiff similarly misconstrues Defendat Hossain's argument relating to Plaintiff's DMCA claim in that Plaintiff incorrectly asserts that Defendant Hossain is attempting to impose a heightened pleading standard. Again, Defendant Hossain is merely asserting that Plaintiff has failed to meet the minimal burden under Rule 8(a)(2). *See Supra,* Part II.

HYDE & SWIGART
San Diego, California

**E. THE FAC DOES NOT STATE A CLAIM FOR TRADEMARK INFRINGEMENT UNDER THE LANTHAM ACT (FIFTH CLAIM), NOR DOES IT STATE A CLAIM FOR TRADEMARK INFRINGEMENT UNDER CALIFORNIA LAW (SIXTH CLAIM).**

Plaintiff simply has not met the minimal pleading burden proscribed under Rule 8 (a)(2) to substantiate a claim for trademark infringement under the Lantham Act. *See Supra,* Part II. For the same reasons that Plaintiff's other causes of action suffer from pleading deficiencies and lack any facts other than those that are mascaraed as something more than a recitation of statutory provided elements for a given claim, Plaintiff fails to adequately plead a claim for trademark infringement under California law. Accordingly, Plaintiff's claims for trademark infringement under the Lantham Act as well as their claim for violation of California trademark law should be dismissed as they fail to meet the minimal pleading burdens of Rule 8(a)(2), and therefore fail to state a claim for which relief can be granted.

**F. THE FAC DOES NOT STATE A CLAIM FOR BREACH OF CONTRACT (SEVENTH CLAIM), NOR DOES IT STATE A CLAIM FOR INDUCING BREACH OF CONTRACT (EIGHTH CLAIM), NOR INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS (NINTH CLAIM).**

Plaintiff simply has not met the minimal pleading burden proscribed under Rule 8 (a)(2) to substantiate a claim for their Seventh, Eighth and Ninth Claims for Relief. *See Supra,* Part II.

In *Arikat v. JP Morgan Chase & Co.,* this Court dismissed the plaintiff's claim for for breach of contract because plaintiffs failed to allege facts indicating the existence of a contract between plaintiffs and any of the defendants *individually*. *Id.* at 3. The court stated that "[p]laintiffs' vague allegation that they entered into "various and sundry credit agreements with all named defendants, and/or their assignors" is insufficient to provide any of the defendants with fair notice of plaintiffs' claims against them." *Id.* at 3. The rationale applied in *Arikat* should be applied to the instant matter as Plaintiff's FAC suffers from precisely the same pleading deficiencies as the plaintiffs in *Arikat*. Accordingly, Plaintiff's Seventh, Eighth and Ninth claims for relief should be dismissed as they have failed to meet the minimal pleading burdens of Rule 8(a)(2), and should therefore be dismissed for failure to state a claim for which relief can be granted.

///

///

## III.

## THE FAC DOES NOT STATE A CLAIM FOR RELIEF FOR ANY OF ITS CAUSES OF ACTION GROUNDED IN FRAUD - PLAINTIFF'S THIRD AND TENTH CLAIMS FOR RELIEF

Plaintiff not only fails to meet the minimal pleading burden proscribed under Rule 8(a)(2) for each and every cause of action Plaintiff has asserted, *See Supra,* Part II, but they certainly failed to plead with particularity as required by Rule 9(b) relating to their causes of action grounded in fraud - Plaintiff's Third and Tenth Claim for Relief.

A complaint satisfies the particularity requirement if the pleading "identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package Exp., Inc.,* 885 F.2d. 531, 540 (9th Cir. 1989). "The allegations must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud ... so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner,* 780 F.2d 727, 732 (9th Cir. 1985). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, vague or conclusory allegations of fraud are insufficient." *Moore*, *supra* 885 F.2d at 540. Furthermore, virtually each and every one of Plaintiff's allegations are made on Plaintiff's "information and belief." "Although '[a]llegations of fraud may be based on information and belief, they remain subject to the particularity requirement of FRCP 9(b), and usually do not satisfy this requirement.'" [citation omitted] *U.S. v. Cathcart*, 2008 WL 4279717 * 2 (N.D. Cal. 2008).

Plaintiff's argument that "Rule 9(b)'s particularity requirements are relaxed "as to matters within the opposing parties knowledge" is misplaced. The cases cited by Plaintiff - *Reid-Ashman Mfg., Inc v. Swanson Semiconductor Service, LLC,* No. C-06-4693, 2007 WL 1394427, at * 10 (N.D. Cal. 2007), and *Haltman v. Aura Systems, Inc.*, 844 F. Supp. 544, 547 (C.D. Cal. 1993), and other cases following this exception to the pleading requirements of Rule 9(b), deal with instances of corporate fraud, more specifically, securities fraud. In this sense, the plaintiff's in those cases have benefited from more relaxed application of Rule 9(b) because "where the fraud alleged is fraud in the internal operation of a corporation, plaintiffs are allowed to plead claims for fraud against officers of the corporation using group pleading presumptions." *Haltman,* 844 F.

Supp at 847. This is hardly the case here. This is not a case of corporate fraud where officers and directors have conspired to deceive the public. Furthermore, we are dealing with completely unrelated individuals and completely unrelated business entities. Plaintiff has not pled any facts even remotely showing that there is some form of criminal or fraudulent common enterprise among the twenty-nine defendants. Even in cases where the Ninth Circuit has addressed the applicability of this exception to the heightened pleading requirements of Rule 9(b) in cases of corporate fraud, it has been asserted that the "particularity requirement may be satisfied if the allegations are accompanied by a statement of the facts on which the belief is founded, including the source of the information and the reasons for the belief.." *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1439 (9th Cir.1987); *Haltman*, 844 F. Supp. at 847. Even disregarding the inapplicability of this exception to the instant matter, Plaintiff has not even provided facts for which their "information and belief" are founded, and they certainly have not provided the source of this phantom information nor their reasons for their "information and belief."

Plaintiff has simply failed to meet the heightened pleading requirements for averments grounded in fraud in respect to its Third Claim for Relief. Plaintiff's Pleading tactics do not provide reasonable notice to apprise any of the defendants of the nature of any of the claims against them as required by Rule 8(a)(2), let alone Rule 9(b). *See Supra,* Part II. Plaintiff has not pled the who, what, where, when and how that is required under claims subject to the rules of 9(b) pleading. It is ridiculous to assume that Plaintiff actually believes that all twenty-nine unrelated defendants engaged in every averment in Plaintiff's FAC. A plaintiff's failure to meet the specific pleading requirements of FRCP 9(b) may result in dismissal of the complaint. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107-08 (9th Cir. 2003) (treating dismissal for failure to comply with FRCP 9(b) as dismissal for failure to state a claim upon which relief can be granted).

Based on the foregoing, Plaintiff's Third Claim for Relief for Fraud should be dismissed as it does not comport with the Pleading requirements of Rule 9(b), and therefore does not state a claim for which relief can be granted.

///

///

### A. THE FAC DOES NOT STATE A CLAIM FOR VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT (THIRD CLAIM)

As Plaintiff points out in their Opposition, it is settled in this Court that a plaintiff must plead in accordance with Rule 9(b) in CFAA claims. *Shade v. Gorman*, No. 08-Cv-3471, 2009 WL 196400, at * 3 (N.D. Cal. Jan. 28, 2009). Whether a CFAA claim falls within the scope of claims that must comport with Rule 9(b) merits little discussion, as a CFAA claim requires a scheme or intent to defraud, and Rule 9(b) requires that in "all averments of fraud ..., the circumstances constituting the fraud ... shall be stated with particularity." Plaintiff has failed to meet the minimal pleading burdens of Rule 8(a)(2), let alone the heightened pleading requirements under Rule 9(b). Plaintiff pleading provides little more than a regurgitation of the elements provided by statute for a CFAA claim, without ever divulging any actual facts relating to Roman Hossain to support this claim. A formalistic recitation of the elements is insufficient to plead claims in accordance with Rule 8(a)(2). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In *Arikat v. JP Morgan Chase & Co.*, this Court dismissed a plaintiff's claim that was subject to the pleading requirements of rule 9(b) because "plaintiffs' allegations improperly ascribed conduct generally to all thirteen defendants." The fact that Plaintiff has listed Hossain as one of twenty-nine defendants, and merely stated that "defendants" engaged in acts that read like a verbatim recitation of the elements of a CFAA claim, does not cure this pleading defect.

Plaintiff's FAC does not allege damage to an individual computer or computers. Rather, Plaintiff asserts that "[o]n information and belief, Defendants intentionally accessed craigslist's computers without authorization and caused and/or recklessly caused damage," and that "Defendants' actions have caused loss to one or more persons, including, but not limited to craigslist, in a one year period aggregating at least $5,000 in value." (Plaintiff's FAC paragraph 153-54). Clearly, Plaintiff has not alleged damage to a single computer, or series of computers. Furthermore, Plaintiff has pled this damage element in a manner that defeats this claim. In paragraph 118 of Plaintiff's Complaint, Plaintiff states "the increased load and burden on craigslist's servers, and the burden on craigslist's personnel resources to develop counter measures, investigate incidents, remove unauthorized ads, and address user complaints, cost craigslist well in excess of $5,000 per year." By Plaintiff's own admission, any alleged damaged suffered was to their various servers and their network generally. There is no allegation of any

HYDE & SWIGART
San Diego, California

damage to a single computer or series of computers as explicitly required by the statute Plaintiff is seeking relief under. By deduction, it appears as though Plaintiff is claiming damage to their computer network. However, Plaintiff has cited no authority that would allow such a claim.

Plaintiff cites *Tickmaster LLC*, 507 F. Supp. 2d at 1113 to assert that "[i]n the Ninth Circuit, 'the required $5,000 of harm may consist of harm to a computer system, and need not be suffered by just one computer during a particular intrusion." (Plaintiff's Opposition, page 14, lines 11-13). However, this is not a Ninth Circuit case, but a case from the Central District of California. Plaintiff's misuse of authorities is extremely misleading here. Because Plaintiff has failed to allege damage to a single computer or series of computers, it appears that Plaintiff is attempting to use this language to claim damage to their computer network. Neither the Ninth Circuit, nor the Northern District of California has ever come out to make such a proposition. Plaintiff cites a Ninth Circuit case in *Creative computing v. getloaded.com LLC*, 386 F.3d 930, 934 (9th Cir. 2004), and a Northern District case in *In re Apple & At & TM Antitrust Litigation*, 2008 WL 4810067, to assert that the $5,000 loss threshold can be aggregated over a one-year period. Defendant does not dispute this. What Defendant asserts and Plaintiff has yet to contradict with either controlling Ninth Circuit or Northern District authority, is that in order to adequately plead a claim under the Computer Fraud and Abuse Act, the allegation of damages has to be at least $5,000 to a single computer or computers, not a network.

In *In re Apple & At & TM Antitrust Litigation*, this Court found that damage to multiple (but still in a individual capacity) "iPhones" was sufficient to meet the CFAA's statutory damage requirement "so long as those damages arose from the same act by a defendant." Id. at 14. Hence, this court did not find that damage to a computer network was sufficient to meet the CFAA's requirement, but that individual damage to multiple iPhones may be aggregated, especially considering that the damage arose from the same act of the defendant.

This Court's decision in *In re Apple* was based on a previous decision of this Court in *In re Toys R Us, Inc. Privacy Litigation*, 2001 WL 34517252 (N.D. Cal. 2001). *In In re Toys R Us*, Judge Chesney permitted a class of plaintiffs to aggregate damages to their individual computers where it was alleged that the "defendants caused an identical file to be implanted in each of the plaintiffs' computers, resulting in damages of a uniform nature." 2001 WL 34517252,

*11 (N.D. Cal. 2001). In *Toys R Us*, the allegation was that the defendants had caused a damaging "cookie" to be implanted in multiple plaintiffs' computers. *Id.* at 11. The court permitted the plaintiffs' CFAA claims to proceed. Again, this Court allowed aggregation of damages when those damages occurred to a single, or multiple computers from a single act. This Court has not permitted a CFAA claim to survive when it merely alleges damage to a computer network, as oppose to individual computers.

The sole case Plaintiff relies on for the proposition that the damage requirement of the CFAA can be met if damage to a computer network is in the aggregate, greater than $5,000 is *TicketMaster LLC v. RMG Technologies, Inc.*, 507 F. Supp. 2d 1096. However, this Court is not required to accept the Central District's interpretation of the CFAA. The court in *Ticketmaster* stated that their conclusion was based on their reading of the relevant statutes and *cases cited by the plaintiff. Id.* at 1113. However, based on a plain reading of the statute, the CFAA does not allow the damage requirement to be met through damage to a computer system or network, but only for damage caused to "protected *computers." See generally* 18 U.S.C. § 1030. Further, of all the cases cited by the plaintiff in *Ticketmaster*, only one supports the Central Districts' conclusion - *Register.com v. Verio, Inc.*, 126 F. Supp. 2d 238, 251-52 (S.D.N.Y. 2000). By deduction, it appears that the Central District's decision was based largely in part on non-controlling authority from a federal court in another state. The decisions of this Court, and the Ninth Circuit however, all demonstrate that while aggregation of damages is appropriate, the damage has to be to actual computers and not a plaintiff's network or system. Plaintiff is asking this Court to allow this damage requirement to be met by asserting damage to a computer network, as oppose to individual computers. Furthermore, even in *Ticketmaster*, the court held that "because Plaintiff has not quantified its harm as required by the statute or even attempted to show what portion of the harm is attributable to Defendant, the Court cannot find that Plaintiff has affirmatively shown that its harm caused by Defendant exceeds the $5,000 minimum." *Id.* at 1113. In the instant matter, Plaintiff has completely failed to quantify its harm or show which portion of the harm is attributable to Defendant Hossain.

///

Based on the foregoing, Plaintiff's Tenth Claim for Relief for violations of the Computer Fraud and Abuse Act should be dismissed as it does not comport with the Pleading requirements of Rule 9(b), and therefore does not state a claim for which relief can be granted.

## IV.

## CONCLUSION

Based on the foregoing, Defendant Roman Hossain respectfully requests that the Court grant Defendant Hossain's motion to dismiss, with prejudice. In the alternative, Defendant Roman Hossain respectfully requests that the Court grant Defendant Hossain's motion for a more definite statement.

Date: March 16, 2009

**Hyde & Swigart**

By: /s/ Joshua B. Swigart
Joshua B. Swigart
Attorneys for the Plaintiff