1   Brian Hennessy (SBN 226721)
E-mail: BHennessy@perkinscoie.com

2   **Perkins Coie LLP**
101 Jefferson Drive

3   Menlo Park, CA 94025-1114
Telephone:  (650) 838-4300

4   Facsimile:  (650) 838-4350

5   Elizabeth L. McDougall, WA Bar No. 27026 (*pro hac vice*)
E-mail: EMcDougall@perkinscoie.com

6   **Perkins Coie LLP**
1201 Third Avenue, Suite 4800

7   Seattle, Washington 98101-3099
Telephone: (206) 359-8000

8   Facsimile: (206) 359-9000

9   Attorneys for Plaintiff
craigslist, Inc.

10

UNITED STATES DISTRICT COURT

11

NORTHERN DISTRICT OF CALIFORNIA

12

OAKLAND DIVISION

13

14

15   craigslist, Inc., a Delaware corporation,

16         Plaintiff,

17      v.

18   Autoposterpro, Inc., PostingExperts, Inc., Roman Hossain, John Doe d/b/a craigslistadsstore.com and

19   craigslistpromoting.com, and Does 2 through 25, inclusive,

20         Defendants.

21

**Case No. CV 08 05069 SBA**

**ORDER DENYING DEFENDANT HOSSAIN'S MOTION TO DISMISS FIRST AMENDED COMPLAINT, AND ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT**

**Hearing Date:** March 31, 2009
**Hearing Time:** 1:00 p.m.
**Crtm:**     Courtroom 3, 3rd Floor
**Hon.:**      Hon. Saundra Brown Armstrong

22

23       Having considered Defendant Roman Hossain's Motion to Dismiss the First Amended

24   Complaint or, in the alternative, Motion for a More Definite Statement pursuant to Fed. R. Civ. P.

25   12(b)(6) and 12(e), respectively, the briefs in support and opposition thereto, the pleadings in this

26   matter, and the argument of counsel, if any:

27       IT IS HEREBY ORDERED that Defendant Hossain's Motion to Dismiss is DENIED.

28   Further, Defendant Hossain's Motion for a More Definite Statement is also DENIED.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**RATIONALE OF DECISION**

**I.      LEGAL STANDARDS**

Pursuant to the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require only that this "statement" constitute a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp.  v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007)(quoting *Twombly*, 127 S. Ct. at 1964).  Plaintiff's factual allegations need only "be enough to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965.

In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  Yet when ruling on a defendant's motion to dismiss, the Court must rule "on the assumption that all the allegations in the complaint are true." *Id.*  Thus, the Court must find "enough facts to raise a reasonable expectation that discovery will reveal evidence" to substantiate the necessary elements of the plaintiff's claim. *Id.*  "The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997)(quotation omitted).

In evaluating a motion to dismiss, the Court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).  Further, the complaint must be read in the light most favorable to plaintiff. *Id.*

## II.     MOTION TO DISMISS

**A.     The First Amended Complaint States Claims Against Defendant Roman Hossain as an Individual Defendant**

Plaintiff's First Amended Complaint ("FAC") includes allegations that Hossain individually was the contact person for all functions of the domain names craigslistadstore.com, craiglistpromoting.com, and posting experts.com.  It nowhere alleges that Hossain is an employee, officer, director, or agent of any corporate defendant.  The FAC clearly states that "Defendants Autoposterpro Inc., Posting Experts, Inc., *Roman Hossain*, John Doe d/b/a craigslistadstore.com and craigslistpromoting.com, and the Doe Defendants are referred to collectively in this Complaint as 'Defendants.'"  (FAC ¶ 27 (emphasis added).)  Hence, every reference to "Defendants" in the FAC includes Hossain.  Under the notice pleading requirements of Rule 8, the FAC alleges sufficient facts to state its claims against Roman Hossain as an individual defendant.

**B.     Plaintiff's State Law Claims are Not Preempted by Federal Copyright or Trademark Law.**

Plaintiff's state law claims are not preempted under the Copyright Act because they fail to satisfy the two requirements for preemption established by the Ninth Circuit.  "First, the content of the protected right must fall within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103."  *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1003 (9th Cir. 2001).  "Second, the right asserted under state law must be equivalent to the exclusive rights contained in section 106 of the Copyright Act."  *Id.*  The second condition is not met if the state law claim includes an "extra element" that is qualitatively different from rights protected by copyright *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1089 (9th Cir. 2005).  Hossain's reliance on *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998), to circumvent this standard is misplaced.  *Kodadek* does not stand for the broad proposition that general incorporation of copyright allegations (along with all other general allegations) into a state law claim establishes preemption.  As explained in *Kodadek*, courts must "examine the nature of the [plaintiff's state law] claim to discern what rights [plaintiff] seeks to enforce with state law." *Id.*

1  Here, Plaintiff's state law claims are not within the subject matter of the Copyright Act

2 and do not assert rights that are equivalent to the rights protected under the Act because each has

3 an extra element.  Plaintiff's claims for breach of contract, inducing breach of contract,

4 intentional interference with contractual relations and fraud are all predicated on Hossain's breach

5 of the craigslist Terms of Use ("TOUs") or his representation that he would comply with the

6 TOUs.  (FAC ¶¶ 194, 201-202, 217-218, 220.)  These claims are not predicated on a work of

7 authorship, and each requires the existence of a contract between the parties or a

8 misrepresentation regarding the TOUs by Hossain, which provide qualitatively different elements

9 from copyright.  The TOUs contain extra obligations beyond those imposed by the Copyright

10 Act, for example, that craigslist users, including Defendants, are not to post listings on behalf of

11 third parties, post outside of their designated geographic areas or in more than one category, use

12 automated posting devices, or send unsolicited email advertisements to craigslist users.  These

13 state claims are therefore not preempted by the Copyright Act.  *See Sharp v. Patterson*, No. 03-

14 Cv-8772, 2004 WL 2480426, at \*7 (S.D.N.Y. 2004) (holding the breach of contract claim that

15 seeks to vindicate rights, allegedly created by an agreement between the parties, is distinct from

16 copyright law); *see Jonathan Browning, Inc. v. Venetian Casino Resort, LLC*, No. 07-Cv-3983,

17 2007 WL 4532214, \*10 (N.D. Cal. Dec. 19, 2007) ("[k]nowledge and intent are essential

18 elements of an intentional interference [with contractual relations] claim," and therefore a "claim

19 for intentional interference with contractual relations provides the extra element that is not

20 preempted by federal law") (quotation omitted); *Valente-Kritzer Video v. Pinckney*, 881 F.2d 772,

21 776 (9th Cir. 1989) (holding element of misrepresentation renders fraud claim not substantially

22 equivalent to claim for copyright infringement).

23  Plaintiff's claim for violation of California Penal Code § 502 is predicated on Hossain's

24 involvement in the unauthorized access of craigslist data, computers, computer systems and/or

25 computer networks.  Access to private computers, computer systems or computer networks is not

26 an element or a right under the Copyright Act and therefore Plaintiff's claim for violation of

27 California Penal Code § 502 is not preempted.

28

1    Plaintiff's claim for trademark infringement, based as it is on use of the CRAIGSLIST

2    mark in domain names and email addresses, does not implicate a copyright.  The rights protected

3    under trademark law are not the same rights protected under the Copyright Act.  *See Polar Bear*

4    *Productions, Inc. v. Timex Corp.*, 384 F.3d 700, 721 (9th Cir. 2004) (holding state law trademark

5    claim was not preempted by Copyright Act because "[c]opyright and trademark are related but

6    distinct property rights, evidenced by different federal statutes governing their protection").

7    Plaintiff's claim for trademark infringement under California law is not preempted by the

8    Copyright Act.

9    The motion to dismiss provides no valid authority or grounds for preemptions of

10   Plaintiff's state law claims under the Lanham Act.  The statement from *Mr. Donut of America,*

11   *Inc. v. Mr. Donut, Inc.*, 418 F.2d 838, 844 (9th Cir. 1969) ("[t]he Lanham Act has pre-empted the

12   field of trademark law and controls"), relied on by Hossain was rejected by the Ninth Circuit in

13   *Golden Door, Inc. v. Odisho*, 646 F.2d 347, 352 (9th Cir. 1980).  Moreover, the Ninth Circuit has

14   held that California state trademark infringement is not preempted by the Lanham Act because it

15   affords more protection to trademark owners than afforded under federal trademark law.  *Id.*

16   **C.    Plaintiff's Claims for Violation of the Computer Fraud and Abuse Act and Fraud
           Satisfy the Requirements of Fed. R. Civ. P. 9(b) and State Claims upon Which Relief**
17   **       Can Be Granted**

18   Defendants are alleged to have engaged in multiple and repeated wrongs giving rise to

19   various claims.  Plaintiff provided 124 paragraphs of common allegations setting forth with great

20   detail Defendants' alleged wrongs.  At most, only two of Plaintiff's claims are subject to the

21   heightened requirements of Rule 9(b).  These are Plaintiff's claim for violation of the Computer

22   Fraud and Abuse Act ("CFAA") and claim for Fraud.  Both claims were pled with sufficient

23   particularity to meet the heightened pleading requirement.  Assuming that the 9(b) requirements

24   apply to CFAA claims, which the Court need not decide on this motion, Plaintiff has adequately

25   pled the elements of a CFAA claim with the information in its possession.  *See Reid-Ashman Mfg,*

26   *Inc. v. Swanson Semiconductor Service, LLC*, No. C-06-4693, 2007 WL 1394427, at *10 (N.D.

27   Cal. 2007)(stating that particularity requirements are relaxed "as to matters within the opposing

28

1   party's knowledge").  Plaintiff has alleged that Defendants "have repeatedly and systematically

2   posted thousands of ads on craigslist for third parties" and "in multiple categories and multiple

3   geographic areas" and that they "accessed craigslist's computers without authorization and

4   executed or caused to be executed a computer program that obtained the craigslist users' email

5   addresses from craigslist's computers," both of which required accessing the website in a manner

6   that violates the TOUs.

7          Plaintiff has also pled its claim for Fraud with sufficient particularity to satisfy Rule 9(b).

8   Plaintiff pled all the elements of a fraud claim with the information available to it.  Plaintiff

9   alleged the content of the misrepresentation as Defendants' statements that they intended to

10  comply with the TOUs when in fact they did not.  Plaintiff alleged the time of the

11  misrepresentation as each time Defendants manifested assent to the TOUs either by clicking the

12  "ACCEPT terms of use" option or using the website.  Plaintiff alleged the location of the

13  misrepresentation as occurring on the craigslist website.  Finally, Plaintiff alleged that Plaintiff

14  and the Defendants are parties to the representations.  Based on the information available to it,

15  Plaintiff met the requirements of Rule 9(b) by providing Defendants adequate information to

16  formulate an answer to the FAC.  *See Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir.1993) (a

17  "pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that

18  the defendant can prepare an adequate answer from the allegations") (quotation omitted).

19  **D.      Plaintiff's Remaining Claims Satisfy the Requirements of Fed. R. Civ. P. 8 and State
            Claims upon Which Relief Can Be Granted**

20

21         The Court rejects Defendant's attempt to create a heightened pleading requirement for

22  Plaintiff's remaining claims by requiring additional details beyond the scope of what Rule 8

23  requires.  *See Cinebase Software, Inc. v Media Guaranty Trust, Inc.*, No. 98-Cv-1100, 1998 WL

24  661465, at *5 (N.D. Cal. 1998) ("the Court does not agree with defendant that there is a

25  heightened pleading standard in infringement cases").  As noted by the Supreme Court in

26  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), "Rule 8(a)'s simplified pleading standard

27  applies to all civil actions, with limited exceptions" such as Rule 9(b) for averments of fraud or

28  mistake, but that the Supreme Court has "declined to extend such exceptions to other contexts."

1   Through the detailed allegations stated in its FAC, Plaintiff has adequately pled its claims

2   for copyright infringement, violation of the Digital Millennium Copyright Act, violation of

3   California Penal Code section 502, trademark infringement under the Lanham Act, trademark

4   Infringement under California law, breach of contract, inducing breach of contract, and

5   intentional interference with contractual relations.  All of these claims were specific enough to

6   "give the defendant fair notice of what . . . the claim is and the grounds upon which it rests."

7   *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Twombly*, 127 S. Ct. at

8   1965, 1964 (2007)).

9   ## II.   MOTION FOR A MORE DEFINITE STATEMENT

10   A Rule 12(e) motion for more definite statement is disfavored and is proper only if the

11   complaint is so indefinite that the defendant cannot ascertain the nature of the claim being

12   asserted, meaning the complaint is so vague that the defendant cannot begin to frame a response.

13   *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal.1996); *Boxall v. Sequoia Union High*

14   *Sch. Dist.*, 464 F. Supp. 1104, 1114 (N.D. Cal. 1979).  The motion must be denied if the

15   complaint is specific enough to notify defendant of the substance of the claim being asserted.  *San*

16   *Bernardino Pub. Employees Ass'n v. Stout*, 946 F. Supp. 790, 804 (C.D. Cal. 1996) ("A motion

17   for a more definite statement is used to attack unintelligibility, not mere lack of detail, and a

18   complaint is sufficient if it is specific enough to apprise the defendant of the substance of the

19   claim asserted against him or her.").  Further, a motion for more definite statement should be

20   denied if the detail sought by a motion for more definite statement is obtainable through

21   discovery.  *Davison v. Santa Barbara High Sch. Dist.*, 48 F. Supp. 2d 1225, 1228 (C.D. Cal.

22   1998).

23   Plaintiff's FAC provides sufficient detail to notify defendants of the substance of the

24   claims asserted and to allow it to frame a response.  Any further details are either in Defendants'

25   possession or are obtainable through discovery.  Defendant Hossain's motion for a more definite

26   statement is denied.

27

28

1      Dated this 27th day of March 2009.

2

3                                _____

4                          Honorable Saundra Brown Armstrong

5  Presented by:

6  **PERKINS COIE LLP**

7  By:  /s/ Elizabeth L. McDougall
         Elizabeth L. McDougall, (WA Bar No.27026)

8  Attorneys for Plaintiff craigslist, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. CV 08 05069 SBA
[PROPOSED] ORDER DENYING MOTION TO DISMISS

40753-0043/LEGAL15479418.1